PER CURIAM.
Appellant, State of Florida, Department of Environmental Regulation (DER), appeals from a final post-judgment order. We reverse and remand.
On October 16, 1990, the trial court entered a default judgment against Robert Apelgren individually and the two named corporations in an action to enforce DER’s consent order based on hazardous waste violations. The trial court, in an unrecord *73 ed non-jury trial, found all three appellees jointly and severally liable.
DER submitted a proposed final judgment to the trial court which included the assessment of penalties and requirements for the defendants to take corrective actions. The trial court used all the factual findings from that proposed judgment, but in its decretal portions the court ordered only that all defendants take corrective action. By deleting paragraph B of the proposed final judgment, the trial court rejected the penalties proposed by the DER. Unfortunately, in including paragraph C, which was renumbered 2 in the court’s judgment, that paragraph of the final judgment included a reference to the excluded paragraph B. After the time for rehearing had passed, DER moved for clarification of the final judgment claiming that the court had inadvertently left out paragraph B on penalties. A couple of days later, appellees filed a notice of appeal, which is case number 91-1224 in our court. That appeal has been stayed pending the resolution of these proceedings.
The trial court, being presented with the motion for clarification, entered an amended order which again did not include the penalties provided in paragraph B of the proposed final judgment but instead deleted the reference to “paragraph B” in the decretal paragraph imposing joint and several liability for corrective action. However, the judgment was still entered against all three appellees jointly and severally for corrective actions. Appellees then filed a motion for rehearing, and in response to that motion, the court entered a seconded amended final judgment deleting Robert Apelgren, as a defendant.
DER claims that the trial court changed the substance of the final judgment while that order was on appeal (ease number 91-1244) both by eliminating penalties and by deleting liability to Robert Apelgren, individually. It appears to us that the trial court corrected a clerical error in the original judgment by eliminating the reference to “paragraph B” in its de-cretal portion. It is apparent that the trial court never intended to assess the penalties proposed by the DER but merely intended to enter a final judgment requiring performance of corrective action. The change made in the amended final judgment is consistent with that. Thus, the amended final judgmerit dated May 28, 1991, is a correction of the clerical error in the first final judgment. Florida Rule of Civil Procedure 1.540(a) permits such errors to be corrected even pending appeal.
However, the deletion of Mr. Apel-gren, individually, in the amended final judgment of July 8, 1991, was error. This court in Frisard v. Frisard, 497 So.2d 885, 887 (Fla. 4th DCA 1986), held that the trial court does not have jurisdiction to change material provisions in the final judgment under the guise of clerical mistakes, stating that the provision inserted was:
[Materially different from that which the court announced at trial ... [it is a] substantive error, not a “clerical” mistake correctable under Rule 1.540(a)_ [W]e conclude that the trial court was without authority to attempt to carry out its original intent....]
M. (citing Wilder v. Wilder, 251 So.2d 311, 313-314 (Fla. 4th DCA 1971)). The elimination of a defendant from liability is a material change in the final judgment while it was on appeal and is therefore reversible error.
We do not address the issues regarding the propriety of the original final judgment as corrected by the May order, as those issues can be addressed in the pending appeal from that judgment.
Reversed.
GLICKSTEIN, C.J., and HERSEY and WARNER, JJ., concur.