654 So.2d 223 (1995)
Robin A. DOLIN, Appellant,
v.
D. Philip DOLIN, Appellee.
No. 94-958.
District Court of Appeal of Florida, Fifth District.
April 21, 1995.
Marilyn W. Peterson and John F. Roscow, III of Scruggs & Carmichael, P.A., Gainesville, for appellant.
Kelvin L. Averbuch, Orlando, for appellee.
W. SHARP, Judge.
Robin Dolin, the former wife, appeals from an order which amended a prior order of contempt. Appeals were taken from both. The first order, rendered November 9, 1993, *224 purported to hold Robin in indirect criminal contempt, and it changed custody of the parties' child to Philip Dolin, the former husband. This court affirmed that order without opinion on September 27, 1994. Dolin v. Dolin, 643 So.2d 1096 (Fla. 5th DCA 1994). While that appeal was pending in this court, counsel for Philip returned to the trial court and persuaded it to "correct" the order being appealed by changing it to an order holding Robin in civil contempt rather than indirect criminal contempt. That is the order presently before us.
Our first inclination in this case was to dismiss the appeal from the amended order because clearly the trial court lacked jurisdiction to make any substantive changes to the order being appealed. State of Florida, Department of Environmental Regulation v. Apelgren, 611 So.2d 72 (Fla. 4th DCA 1992); Gulfstream Micro Systems, Inc. v. Kingsbridge Boca Associates, 564 So.2d 554 (Fla. 4th DCA 1990). Counsel for Philip had sought to correct the prior contempt order by claiming it was a clerical mistake or error, which can be remedied while an appeal is pending pursuant to Florida Rule of Civil Procedure 1.540(a). Changing the complete nature of the judgment being appealed, as in this case, falls outside the category of clerical mistakes or errors. Marks v. Wertalka, 475 So.2d 273 (Fla. 3d DCA 1985). At the contempt hearing, the record reveals that the trial judge intended the proceeding to be one for indirect criminal contempt.[1] Thus this type of judicial error can only be corrected on appeal. See Ventriglia v. Vaughan, 623 So.2d 836 (Fla. 2d DCA 1993); Apelgren, 611 So.2d at 73; Casavan v. Land O'Lakes Realty, Inc. of Leesburg, 526 So.2d 215 (Fla. 5th DCA 1988); Marks, 475 So.2d at 274.
At the oral argument concerning this appeal, counsel for Philip argued this appeal was duplicative of the first one because that panel had affirmed without opinion the trial *225 court's order holding Robin in civil contempt. Counsel for Robin agreed that had been Philip's position in briefing the prior appeal, but that he had briefed and argued that the indirect criminal contempt order could not be sustained because the trial court had failed to follow the rules for holding a person in indirect criminal contempt.[2] Counsel for Philip did not dispute that point.
In reviewing this court's memos and records prepared in connection with the first appeal, it is apparent that the prior panel did not consider the propriety vel non of the indirect criminal contempt order on due process grounds, or a failure to follow rule 3.840. We are thus confronted with an error of law in this court's prior decision, which unless addressed by us in this case, will result in manifest injustice. Strazzulla v. Hendrick, 177 So.2d 1 (Fla. 1965); Williams v. City of Minneola, 619 So.2d 983 (Fla. 5th DCA 1993). We believe we should take action in this case because the matter is still pending and both parties are as yet unprejudiced by the prior decision since both counsel assert the appeals involve the civil contempt order only.
Accordingly, we quash the indirect criminal contempt order because the record shows that the trial court failed to follow the mandates of rule 3.840. We also hold that the civil contempt order was entered without jurisdiction because the prior appeal was pending at the time it was rendered. We remand this cause to the trial court for entry of such other contempt orders it may consider are necessary to obtain enforcement of its orders pursuant to Florida Rule of Civil Procedure 1.570(c) (civil contempt), or for such other proceedings as it may deem necessary. The other matters involved in the first appeal stand affirmed by the first panel's action, and are in no way affected by this opinion.
Contempt Order QUASHED; REMANDED for further proceedings.
DAUKSCH and GOSHORN, JJ., concur.
NOTES
[1] At the continuation of the contempt hearing held on October 26, 1993, the trial judge specifically stated that he found Robin "to be in direct criminal contempt of court for an intentional violation of numerous provisions of the previous order of the court." (emphasis added). Robin's counsel later objected to Robin being sentenced to direct criminal contempt:

MR. REISS [Robin's counsel]: Your Honor, just for the record, procedurally I'm not sure  I would object to the Court sentencing in connection with direct criminal contempt because I don't think the rules have been complied with in connection with direct criminal contempt 
THE COURT: In what respect?
MR. REISS:  by way of arraignment and apparently the rules on direct criminal contempt call for, similar to a criminal proceeding, by arraignment and entry of a not guilty plea and so forth.
THE COURT: You think this is the nature of a civil contempt?
MR. REISS: I think it's not in the nature of a criminal contempt, your Honor. It's not a direct criminal contempt, a contempt that didn't occur in your presence.
THE COURT: It's in an indirect criminal contempt.
MR. REISS: I think, if anything, it's an indirect criminal contempt, but not a direct.
But I would question whether the court can do that without giving her an opportunity to purge herself, unless, in fact 
THE COURT: No. Purge only applies to a civil contempt.
MR. REISS: I understand. But I'm saying that the Rules of Procedure, at least as I understand them, have not been complied with in connection with any criminal contempt of court.
THE COURT: Okay. Well, I think, although your objection is noted, she certainly has had advance notice of the charges. She's been represented by counsel throughout. She's had an opportunity to defend and she's been found in indirect criminal contempt of court.
MR. REISS: I thought you had said direct criminal contempt.
THE COURT: Well, it wasn't in my presence, so it would be indirect contempt of court.
Civil contempt is something which I'm trying to gain a future compliance. At this point, however, I'm attempting to fashion an appropriate punishment for past non-compliance, which is criminal contempt of court when it's intentional. I've made that finding.
The adequacy of the charging document is something you may wish to raise as an appellate issue.
All right. Ms. Dolin, as the result of this indirect criminal contempt of court I am going to require that you pay all attorneys' fees and court costs associated with these various contempt proceedings that you have occasioned by your behavior, as well as all attorneys' fees and court costs expended by the Former Husband in defending the unfounded allegations of abuse.
These court costs and attorneys' fees if not paid before, will be paid out of the proceeds of the sale of the former marital residence. An amount to be determined later. (emphasis added)
[2] Fla.R.Crim.P. 3.840.