707 So.2d 972 (1998)
A.G. and D.J., Appellants,
v.
DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Appellee.
No. 97-4231.
District Court of Appeal of Florida, Fourth District.
April 22, 1998.
A.G. and D.J., Sunrise, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Charles A. Pereny, Assistant Attorney General, Fort Lauderdale, for appellee.

ON MOTION FOR REHEARING
PER CURIAM.
We withdraw our opinion on Motion for Rehearing, issued April 8, 1998, and substitute the following:
The appellants brought an appeal of various orders including an order adjudicating appellants' children dependent. We originally dismissed the appeal of this order as untimely, as the order of adjudication had been entered on November 21, 1994, and the appeal was filed on December 1, 1997.[1]
After we entered the order dismissing the appeal of the order of adjudication, appellants moved for rehearing urging that our disposition creates a conflict. We agree. The issue is whether an order adjudicating a child dependent pursuant to section 39.409, Florida Statutes (1993), is a final appealable order, or whether it is non-final and can be reviewed on appeal when a subsequent disposition order is entered.
We agree with the reasoning of the first district in G.L.S. v. Department of Children and Families, 700 So.2d 96 (Fla. 1st DCA 1997), which held that an order of adjudication is a final, appealable order. See also In Interest of T.M., 614 So.2d 561 (Fla. 1st DCA 1993). We certify conflict, as the first district did in G.L.S., with the case on which appellants rely, Moore v. Department of Health and Rehabilitative Services, 664 So.2d 1137 (Fla. 5th DCA 1995). Although Moore and G.L.S. dealt with termination of parental rights, we view the issue of appealability, vel non, of an adjudicatory order to be the same in dependency proceedings.
We deny the motion for rehearing.
WARNER, POLEN and KLEIN, JJ., concur.
NOTES
[1] We redesignated the remainder of their appeal as a petition for writ of mandamus.