716 So.2d 792 (1998)
A.G. and D.J., Petitioners,
v.
DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Respondent.
No. 97-4231.
District Court of Appeal of Florida, Fourth District.
June 24, 1998.
Order Clarifying Opinion and Denying Rehearing August 5, 1998.
Rehearing Denied September 9, 1998.
*793 A.G. and D.J., Sunrise, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Charles A. Pereny, Assistant Attorney General, Fort Lauderdale, for respondent.
Rehearing En Banc Denied September 9, 1998.
PER CURIAM.
On March 7, 1994, the Department of Health and Rehabilitative Services ("HRS") filed a dependency petition concerning petitioner D.J.'s minor children, D.A., J.A., H.B. and C.G. Petitioner A.G. is the natural father of the minor child C.G.
On June 30, 1994, petitioners, represented by counsel, entered into a mediation agreement with HRS consenting to a withholding of adjudication of dependency, provided that the petitioners complied with certain tasks identified by HRS. The court approved the mediation agreement in an agreed order entered September 22, 1994, nunc pro tunc to July 13, 1994. HRS subsequently filed an affidavit alleging that the petitioners had failed to follow the specified tasks and moved for an adjudication of dependency. Following a hearing, the trial court entered an order adjudicating the children dependent on November 21, 1994. The petitioners did not appeal the order of adjudication.
For the next three years, the children remained in the custody of their parents but under the protection and supervision of HRS and its successor agency, the Department of Children and Family Services ("the Department"). The trial court conducted periodic status hearings and ordered that supervision by the Department should continue.
On July 29, 1997, the trial court ordered that the minor child J.A. be placed in an emergency shelter. On August 18, 1997, the court ordered that the child be placed in foster care, where she remains to date. At a judicial review hearing on September 19, 1997, the court ordered that the minor child D.A. be placed in foster care as well. That child's placement in foster care also continues to date. The other two minor children remained in the custody of their parents, under the supervision of the Department.
On December 1, 1997, the pro se petitioners filed a notice of appeal, seeking to appeal various orders entered by the trial court, the most recent being two orders entered on November 14, 1997. The petitioners, within their appeal, argued that the trial court had failed to hold a disposition hearing pursuant to section 39.41, Florida Statutes (1994 Supp.) and to rule on petitioner A.G.'s motion to withdraw consent to the adjudication of dependency, pursuant to Florida Rule of Juvenile Procedure 8.315(b). We redesignated that portion of petitioners' appeal as a petition for writ of mandamus.
As for the remainder of the case, we affirmed the lower court in part and dismissed a portion of the appeal as untimely, including petitioners' appeal of the trial court's November 21, 1994 order adjudicating the children dependent. Accordingly, only the petition for writ of mandamus remains pending at this juncture.
The trial court entered an order on February 4, 1998, denying petitioner A.G.'s motion to withdraw consent to adjudication of dependency. *794 Consequently, that portion of the mandamus proceeding is moot, as the court has ruled on the motion as requested by the petitioner.
As for the remaining issue, concerning the trial court's alleged failure to hold a disposition hearing, we conclude that the trial court did in fact hold a disposition hearing. As noted, the trial court conducted a hearing on November 21, 1994, based on HRS' allegation that the petitioners had failed to comply with the terms of the mediation agreement. The trial court adjudicated the children dependent and entered an order to that effect.
Section 39.409(2), Florida Statutes, provides:
If the court finds that the child named in the petition is dependent, but finds that no action other than supervision in his own home is required, it may enter an order briefly stating the facts upon which its finding is based, but withholding an order of adjudication and placing the child's home under the supervision of the department. If the court later finds that the custodians of the child have not complied with the conditions of supervision imposed, the court may, after a hearing to establish the noncompliance, but without further evidence of the state of dependency, enter an order of adjudication and shall thereafter have full authority under this chapter to provide for the child as adjudicated.
§ 39.409(2), Fla. Stat. (1993). Once the court has adjudicated a child dependent, the court retains jurisdiction to order appropriate supervision, treatment and services as necessary. § 39.41, Florida Statutes (Supp.1994). Furthermore, section 39.01(21) defines a disposition hearing as one in which "the court determines the most appropriate dispositional services in the least restrictive available setting." § 39.01(20), Fla. Stat. (1993). That is precisely what the trial court did when, on November 21, 1994, it held a hearing regarding petitioners' noncompliance with the mediation agreement and entered the order adjudicating the children dependent and directing that the children remain in the custody of their parents but under the supervision of HRS. The record indicates that since that time, the court has held periodic status hearings to determine whether supervision should be continued and if so, under what conditions. Additionally, after two of the children were placed in foster care, the court conducted the mandatory judicial review hearings required by section 39.453, Florida Statutes (Supp.1994).
Accordingly, the petition for writ of mandamus is denied.
WARNER, POLEN and KLEIN, JJ., concur.

ON MOTION FOR REHEARING
PER CURIAM.
We deny petitioner A.G.'s motion for rehearing of our June 24, 1998 decision and his motion to declare section 39.01(21), Florida Statutes (1993) unconstitutional. However, we wish to clarify the reasons why the petitioner is not entitled to a writ of mandamus. First, while the mediation settlement agreement was not the model of clarity, the parties nevertheless agreed that they would forego certain procedures that would normally apply to dependency proceedings. Instead, the petitioners agreed to perform certain tasks and to accept certain services, including participation in homebuilders and counseling, in lieu of an adjudication of dependency. They further agreed that upon noncompliance, the children would be adjudicated dependent. Even if the agreement was deficient in failing to provide explicitly that a predisposition report and disposition hearing would not be required in the event of noncompliance, we do not believe the petitioners could wait three years to complain about the trial court's failure to hold a disposition hearing.
Nevertheless, in the future, it would be helpful to all parties concerned if mediated agreements in dependency proceedings were clearer as to the procedures that will and will not apply in the event of noncompliance. Specifically, such agreements should indicate whether, upon an adjudication of dependency based on noncompliance with the agreement, the parties are waiving their right to a predisposition study and a disposition hearing.
WARNER, POLEN and KLEIN, JJ., concur.