731 So.2d 1260 (1999)
A.G. and D.J., Petitioners,
v.
DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Respondent.
No. 92,860.
Supreme Court of Florida.
March 25, 1999.
*1261 A.G. and D.J., Petitioners, pro se.
Robert A. Butterworth, Attorney General, and Charles Pereny, Assistant Attorney General, Fort Lauderdale, Florida, for Respondent.
PER CURIAM.
We have for review the decision in A.G. v. Department. of Children and Family Services, 707 So.2d 972 (Fla. 4th DCA 1998). The district court certified conflict with the decision in Moore v. Department of Health & Rehabilitative Services, 664 So.2d 1137 (Fla. 5th DCA 1995). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
We recently decided G.L.S. v. Department of Children & Families, 24 Fla. L. Weekly S23, 724 So.2d 1181 (Fla. 1998), wherein we held that an order which initially terminates parental rights in a child dependency case may be challenged upon appeal from a subsequent final disposition order. In other words, we held that while it was proper and preferable that an appeal be taken from the earlier termination order, the statutory scheme was sufficiently ambiguous and the right in question so important that a termination order was subject to review in an appeal from the subsequent final disposition. Id. at S25, 724 So.2d 1181. In so holding, we approved Moore to the extent it was consistent with G.L.S., and quashed the decision in G.L.S. v. Department of Children & Families, 700 So.2d 96 (Fla. 1st DCA 1997).
Although G.L.S. and Moore dealt with orders terminating parental rights, and this case deals with orders declaring the petitioners' children dependent, we find the analysis of the statutory scheme to be the same for purposes of appealability. Under section 39.409(2)-(3), Florida Statutes (1997), the court has the authority to adjudicate as dependent any child who has been previously designated as dependent.[1] This order of adjudication is analogous to the adjudicatory order terminating parental rights. Furthermore, similar to the termination of parental rights statutory scheme, once an order adjudicating a child dependent is entered, a disposition order pursuant to section 39.41(2)(a), Florida Statutes (1997), may be entered which places the child in a setting according to the best interests of the child or requires certain services for the child, parent or custodian. The statutory scheme is ambiguous in terms of alerting those affected as to the need to appeal. For these reasons, *1262 and, as in G.L.S. with the issue of termination, we find that the issue of dependency may be raised in an appeal from the later disposition order under section 39.41(2)(a).
Therefore, we quash the district court's decision in A.G. and remand for further proceedings consistent herewith.
It is so ordered.
HARDING, C.J., and SHAW, WELLS, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
NOTES
[1] Sections 39.409(2) and (3) provide:

(2) If the court finds that the child named in the petition is dependent, but finds that no action other than supervision in the child's home is required, it may enter an order briefly stating the facts upon which its finding is based, but withholding an order of adjudication and placing the child's home under the supervision of the department. If the court later finds that the custodians of the child have not complied with the conditions of supervision imposed, the court may, after hearing to establish the noncompliance, but without further evidence of the state of dependency, enter an order of adjudication and shall thereafter have full authority under this chapter to provide for the child as adjudicated.
(3) If the court finds that the child named in a petition is dependent, but shall elect not to proceed under subsection (2), it shall incorporate that finding in an order of adjudication entered in the case, briefly stating the facts upon which the finding is made, and the court shall thereafter have full authority under this chapter to provide for the child as adjudicated.
§ 39.409(2)-(3), Fla. Stat. (1997).