745 So.2d 1158 (2000)
A.G. and DJ., Petitioners,
v.
DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Respondent.
No. 97-4231.
District Court of Appeal of Florida, Fourth District.
January 5, 2000.
A.G. and D.J., Sunrise, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Jill Bennett, Assistant Attorney General, Fort Lauderdale, for respondent.

ON MOTION FOR REHEARING
KLEIN, J.
We grant the Department's motion for rehearing, withdraw our opinion filed September 22, 1999, and substitute the following opinion in its place.
In A.G. v. Department of Children and Family Services, 707 So.2d 972 (Fla. 4th DCA 1998), we concluded that an order adjudicating children dependent was a final order which had to be appealed when it was entered. The Florida Supreme Court, after considering conflicting decisions, disagreed with us and held that an order adjudicating dependency can be appealed either at the time it is entered, or by appeal from a subsequent final disposition order. A.G. v. Department of Children and Family Services, 731 So.2d 1260 (Fla. 1999). The question now before us is whether we have jurisdiction to review the order adjudicating dependency, where there was no timely appeal taken from that order.
This case reached us in its present posture because, in 1997, several years after entry of the November 21, 1994 order finding dependency, which was not appealed, the appellants appealed subsequent orders. They argued, among other things, that the trial court erred in not holding a disposition hearing pursuant to section 39.41, Florida Statutes (1994). We dismissed the appeal insofar as it was an attempt to appeal the 1994 order because it was untimely, but redesignated the appeal as a petition for writ of mandamus in regard to appellant's claim that the trial *1159 court should be ordered to conduct a disposition hearing. We concluded that there had in fact been a disposition hearing on November 21, 1994, the same date the order adjudicating dependency was entered, and denied relief. Our opinion in that case, A.G. v. Department of Children and Family Services, 716 So.2d 792 (Fla. 4th DCA 1998), rev. denied, 729 So.2d 389 (Fla.1999), reflects the procedural history pertinent to our discussion here.
It follows from our prior conclusion that there had been a disposition hearing on November 21, 1994, that the order entered pursuant to that hearing was a disposition order, as well an order determining dependency. As that opinion reflects, the parties entered into an agreement with the Department through mediation, agreeing to forgo certain procedures. For three years following entry of the order at issue, the trial court held numerous status hearings, ordered case studies, evaluations, treatment plans, and the like, placed two of the children in foster care, and conducted periodic judicial review hearings as mandated by Florida law. A.G., 716 So.2d at 792. All of this was consistent with this order being a disposition order We therefore conclude that the November 1994 order was a disposition order. And it was treated by both the appellants and the Department as such. It was not until 1997 that the appellants took the position that it was not a dispositional order, so that they could attempt to appeal the 1994 order. Because the 1994 order was a final disposition order, we have no jurisdiction to review that order by a notice of appeal filed in 1997. Appeal dismissed.
WARNER, C.J., and POLEN, J., concur.