PER CURIAM.
Petitioner A.G., the natural father of C.G., seeks a writ of mandamus directing the trial court to (i) rule on his consolidated Motion for Extraordinary Relief, Motion for Relief from Void Order and Motion for Order of Transcription and (ii) to order Department of Children and Family Services (DCFS) and the Guardian Ad Li-tem to serve copies on Petitioner of all notices, hearing orders, documents, etc. required to be served on parties in a dependency case. We deny in part and grant in part.
In his Motion for Relief from Void Order, petitioner claims the trial court lacked legal authority to adjudicate C.G. a dependent child on November 21, 1994, since the court had not declared C.G. to be a dependent. Petitioner’s motion in the trial court is an attempt to circumvent our decision in A.G. v. Dept. of Children and Family Services, 745 So.2d 1158, 1159 (Fla. 4th DCA 2000) (on rehearing), in which we held the November 1994 order to be final and one we lacked jurisdiction to review by way of an appeal filed by petitioner in 1997. By his motion, petitioner is seeking to raise an issue that was disposed of by his direct appeal. He is thus seeking a second bite at the apple. Accordingly, we decline to issue the requested writ.
We do, however, grant petitioner’s request for mandamus compelling DCFS and the Guardian Ad Litem to serve him with all copies of those items required to be served on all parties in a dependency case. The trial court determined petitioner had standing to seek a modification of the custody order of D.A. Although petitioner is technically not a party as to the child D.A.[1] under Florida Rules of Juvenile Procedure 8.210(a), we believe that fairness requires the trial court enter an order directing that petitioner be served with all copies of *438 those items required to be served on all parties in a dependency case. Our decision is limited to the facts of this case and is not an attempt to expand the Florida Rules of Juvenile Procedure.
Denied in part. Granted in part.
POLEN, STEVENSON and HAZOURI, JJ., concur.

. A.G., although the natural father of C.G., is not a parent or legal guardian of D.A.