846 So.2d 622 (2003)
A.G., the natural father of C.G., Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 4D01-3817.
District Court of Appeal of Florida, Fourth District.
May 28, 2003.
*623 A.G., Sunrise, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Laurel R. Wiley, Assistant Attorney General, Fort Lauderdale, for appellee.

ON MOTION FOR REHEARING
WARNER, J.
Appellant appeals an order denying his motion for relief from a final disposition order in a dependency proceeding. The order was determined to be a disposition order by prior opinion of this court. Because manifest and continuing injustice will occur if our prior opinion is not reconsidered, we conclude that the order was not a disposition order and reverse the trial court's denial of relief.
This dependency case has made many appearances in our court in the father's attempt to appeal an order of adjudication of dependency of his child, C.G. See A.G. v. Dep't of Children & Family Servs., 745 So.2d 1158 (Fla. 4th DCA 2000); A.G. v. Dep't of Children & Family Servs., 716 So.2d 792 (Fla. 4th DCA 1998). Although this court determined the father's appeal was untimely from the order of adjudication entered November 21, 1994, see A.G. v. Dep't of Children & Family Servs., 707 So.2d 972, 972 (Fla. 4th DCA 1998), the supreme court quashed our decision, concluding that the issue of dependency could be appealed either from the entry of the order of adjudication or the entry of the order of disposition. See A.G. v. Dep't of Children & Family Servs., 731 So.2d 1260, 1261-62 (Fla.1999). On remand, we determined *624 that the order of adjudication also constituted the order of disposition. See A.G., 745 So.2d at 1159. Thus, the appeal was untimely even under the supreme court opinion.
Within a year of the conclusion of all proceedings in our court and petitions for review in the supreme court, appellant filed a motion to vacate the 1994 order as an order of disposition, claiming it was void for lack of notice. He further alleged that the hearing was not noticed for disposition and that he could not have known that a "disposition" was occurring, triggering his right to appeal. He attached the transcript of the hearing which resulted in the order. The trial court denied relief, stating that the "proper venue" for the motion was in the appellate court. He timely appealed this order.
Having carefully reviewed the transcript of the proceedings in this case, as well as the other filings, we conclude that appellant established a case for relief from the "order of disposition," which we designated in our prior opinions. This appeal compels us to reconsider the law of the case as established in our prior opinions. Pursuant to A.G., 731 So.2d 1260, we previously held that the adjudication order of November 21, 1994, was also the final "order of disposition," upon which appellant's right to appeal the issue of dependency ripened. See A.G., 745 So.2d at 1159.
In Strazzulla v. Hendrick, 177 So.2d 1, 3-4 (Fla.1965), the court considered whether an appellate court had authority to reconsider and reverse a previous ruling that has become the law of the case. In concluding that a court does have limited discretion to reconsider and correct prior rulings, the court stated,
[A]n appellate court should reconsider a point of law previously decided on a former appeal only as a matter of grace, and not as a matter of right; and that an exception to the general rule binding the parties to `the law of the case' at the retrial and at all subsequent proceedings should not be made except in unusual circumstances and for the most cogent reasonsand always, of course, only where `manifest injustice' will result from a strict and rigid adherence to the rule.
Id. at 4.
The second district considered this principle in connection with a motion for relief from judgment in a child adoption case. See In re Adoption of Baby Girl C, 511 So.2d 345 (Fla. 2d DCA 1987). A trial court had denied a petition for adoption which was affirmed on appeal. The adoptive parents filed a motion for relief from judgment on several grounds which the trial court denied. See id. at 348. On appeal from the order denying the motion for relief from judgment, the second district acknowledged that it was not bound absolutely to follow the law of the case, as established by the prior affirmance, if the court considered that to affirm the present appeal would result in manifest injustice, citing to Strazzulla. See id. at 349. However, the court ultimately determined that there would be no manifest injustice in affirming its previous ruling and that to recede from the prior rule would result in a substantive legal rule with which the court did not agree. See id. This case supports the proposition that an appellate court may reconsider its prior ruling on a motion for relief from judgment if, to refuse to do so, would create a manifest injustice.
Our court applied the same rationale in Logue v. Logue, 766 So.2d 313, 314 (Fla. 4th DCA 2000), when reconsidering a child support provision in a final judgment of dissolution previously affirmed on appeal. The issue resurfaced when the husband filed a motion for relief from judgment *625 contending that the court erred in computing his child support obligation. While we noted that ordinarily we would not revisit a judgment which had been affirmed on appeal, we explained that "if the final judgment contained an error that was manifestly unjust, then this court may now rectify that mistake. This is a seldom used but important appellate power." Id. (citations omitted). We corrected the child support calculations, "[b]ecause of the manifest and continuing injustice which would occur" should the court not correct the error. Id. at 315.
The fifth district also exercised its "grace" when it reconsidered a prior order of indirect criminal contempt against a wife which had been affirmed on appeal. See Dolin v. Dolin, 654 So.2d 223 (Fla. 5th DCA 1995). While the wife's appeal was pending, the husband persuaded the trial court to correct the appealed order to hold the wife in civil contempt of court. After the appellate court affirmed the original order, the husband argued that the appeal of the second order was duplicative because the prior order had been affirmed. See id. at 224-25. Because the prior panel had not considered the propriety of the order of indirect criminal contempt on due process grounds or on failure to follow the rules of criminal procedure, the court decided to address the issue to avoid a manifest injustice. Relying on Strazzulla, therefore, the second panel quashed the prior order of indirect criminal contempt. See id. at 225.
In like manner, we conclude our prior ruling that the order of November 21, 1994, was the final disposition order triggering the father's right to appeal the order of adjudication was in error and that manifest injustice would continue to occur should it not be corrected. While we described the hearing in 1994 as a disposition hearing, see A.G. v. Dept., 716 So.2d at 794, we have reviewed the transcript and now know that the hearing was not a disposition hearing within the meaning of Florida Rule of Juvenile Procedure 8.340. The hearing actually addressed the status of the mother as to her other children, not C.G. The court did not address any issues of disposition. From the transcript, it is clear that the court expected the Department to do a complete investigation of the children so that the court would know what was in their best interests. The judge stated, "I don't want to take a guess what's in their best interests. We're going to need to know from evidence." Later, he said to the new investigator assigned to the case, "this lady from HRS has her homework ... Miss Holmes. You're going to get on this matter, and I think it's very important, and I'm glad you are."
The order entered on November 21, 1994, adjudicated all of the children to be dependent. In handwritten language added at the bottom of the order, it stated, "[t]he minor child [C.G.] is placed in the temporary custody of her father [A.G.] under the protective [sic] of HRS." (Emphasis added). Nowhere in the order is the word "disposition" even used. As appellant noted, this order was more akin to supplying an "alternative pending disposition" as provided in Rule 8.335, than the "final" disposition contemplated in Rule 8.340 and section 39.408(3), Florida Statutes (1993). Section 39.408(4) further provides that the parent "shall be given reasonable notice of all hearings provided for under that section." (Emphasis added). No notice of a disposition hearing was ever given. In fact, the hearing at which the children were adjudicated dependent was noticed as a "status conference." The order entered on November 21, 1994, was not the disposition order which would trigger the right to appeal in accordance with *626 the supreme court's holding in A.G., 731 So.2d at 1261-62.
Based upon these deficiencies, we hold a manifest injustice has occurred in two respects. First, appellant was deprived of the very right of appeal that he fought to establish. The supreme court determined that in a dependency proceeding where "[t]he statutory scheme is ambiguous in terms of alerting those affected as to the need to appeal," a party may appeal the issue of dependency either from the order of adjudication or from the later disposition order. A.G. v. Dep't, 731 So.2d at 1261-62. Our previous ruling prevented appellant from exercising his right to appeal, which the supreme court sought to preserve, by our holding that the adjudication order was also a disposition order.[1] We thus deprived appellant of his constitutional right to appeal. See Art. V, § 4(b)(1), Fla. Const. Second, the injustice is continuing, as in Logue, 766 So.2d at 315. Although the Department has long since stopped providing services to appellant and C.G., the trial court continues to retain jurisdiction until C.G. is eighteen. Therefore, the state remains free to reopen this case based upon the order of adjudication sought to be appealed by appellant. Appellant's arguments as to the correctness of that order are far from frivolous. A cursory review of the order reveals substantial issues as to the validity of the finding that C.G. is a dependent child.[2]
An additional policy reason also supports our reconsideration of our prior rulings. By deeming this ambiguous order as an appealable order of disposition, we are encouraging imprecision in the drafting of such orders which ill serves the individuals involved in the court system. Both now, and at the time of the adjudication in this case, the Juvenile Rules provided forms for orders of adjudication and disposition. See Fla. R. Juv. P. 8.965 and 8.966 (1993). The closer judges adhere to the forms, the clearer it is for the parties to know and understand their rights, including their right to appeal such orders. Parties should not be left guessing when their right to appeal commences.[3]
A.G. has been persistent and sincere in his efforts to relieve himself and his child of the state's continued presence in their lives. It has been a long road, made longer by our various rulings. For the foregoing reasons, we reconsider the "law of the case" and hold that A.G. is entitled to relief from the order entered on November 21, 1994, to the extent that it was deemed by us to be a disposition order as to C.G., ripe for appeal. No notice was given of any "disposition" proceeding in connection with that order. As the supreme court stated in Rogers v. First National Bank at *627 Winter Park, 232 So.2d 377, 378 (Fla. 1970):
When viewed in its totality, the series of events that transpired below call for a liberal application of Rule 1.540(b), especially since it appears that the rules for notice were not complied with. While our procedural rules provide for an orderly and expeditious administration of justice, we must take care to administer them in a manner conducive to the ends of justice.
Reversed and remanded for further proceedings.
STEVENSON and SHAHOOD, JJ., concur.
NOTES
[1] Our determination also was inconsistent with our opinion in 1998 in which we held that the appeal from the order of adjudication was untimely. See A.G., 707 So.2d at 972. Had we considered the order as both an order of adjudication and disposition, then we would have ruled the order was untimely as to both. There would have been no need to certify conflict.
[2] We note that if the trial court had terminated its jurisdiction when the Department ceased providing services, we would have concluded that a continuing injustice was not occurring, and thus, no need to reconsider the law of the case. We also would point out that the proceedings in this case subsequent to the 1994 order, including the placement of the children in foster care, all dealt with the other children who were the subject of the dependency proceedings. This appeal deals only with the order as it affects A.G. and C.G.
[3] Of course, in this case, the trial judge never determined that he intended his order to be a disposition order. Rather, that determination was made by this court.