CASANUEVA, Judge.
In this postdissolution action, Robert S. Luzenberg appeals from an amended final judgment finding indirect criminal contempt. Mr. Luzenberg contends that this order was entered in violation of the procedures dictated by Florida Rule of Criminal Procedure 3.840 and in contravention of his constitutional rights to due process. We reverse.
In April 2003, the court entered a final judgment allegedly finding Mr. Luzenberg in indirect criminal contempt for consistently and willfully failing to comply with the terms of the final judgment and amended final judgment of dissolution, specifically by failing to pay Ms. Forand, the former wife, over $400,000 due to her under the judgments.[1] Among other things, the court found that Mr. Luzen-berg had been given notice of his arraign *547 ment for indirect criminal contempt but failed to appear, that he had been found on multiple occasions to have the ability to pay, and that his pattern of conduct demonstrated intentional defiance of court obligations. In the final judgment of contempt, the trial court ordered Mr. Luzen-berg to be incarcerated for a maximum of six months and directed the State Attorney to extradite Mr. Luzenberg from his Alabama home. A handwritten interlineation in the order provided also that Mr. Luzenberg could purge himself of incarceration by paying $402,000 to Ms. Fo-rand.
By including a purge amount in the final judgment of contempt, the trial court essentially rendered an order of civil contempt rather than indirect criminal contempt. It later became apparent to Ms. Forand’s attorneys that the State Attorney would not prosecute a civil judgment, so they returned to the court in January 2005 to have the final judgment amended. After holding a nonevidentiary hearing, the trial court struck the purge amount and the direction to the State Attorney to extradite Mr. Luzenberg from his Alabama residence and entered an amended final judgment finding indirect criminal contempt.
The court erred in “amending” the final judgment of contempt by changing its nature from a civil contempt to an indirect criminal contempt. The Fifth District addressed a similar issue, although in a slightly different procedural context, in Dolin v. Dolin, 654 So.2d 223 (Fla. 5th DCA 1995). In Dolin, the former wife had been held in indirect criminal contempt in an order affirmed by the Fifth District. While her appeal of that order was pending, the former husband “returned to the trial court and persuaded it to ‘correct’ the order being appealed by changing it to an order holding [the former wife] in civil contempt rather than indirect criminal contempt.” Id. at 224. The theory behind the “correction” or “amendment” to the order in Dolin was that the court had committed a clerical mistake or error that could be corrected pursuant to Florida Rule of Civil Procedure 1.540(a). As to that theory, however, the Fifth District held:
Changing the complete nature of the judgment being appealed, as in this case, falls outside the category of clerical mistakes or errors. At the contempt hearing, the record reveals that the trial judge intended the proceeding to be one for indirect criminal contempt. Thus this type of judicial error can only be corrected on appeal.
Id. (citations omitted).
In this case, the trial court sought to hold Mr. Luzenberg in indirect criminal contempt when the first order was entered, but the final order entered was something of a hybrid or aberration that could only be effective as a civil contempt. The parties spent much time on this appeal arguing whether Mr. Luzenberg was afforded due process when that first order was entered. Those issues are not really before us, because Mr. Luzenberg appealed that order and his appeal was dismissed on other grounds. What concerns us now is whether the trial court can merely “correct” an order to hold a defendant in indirect criminal contempt without again insuring that the former husband, whose liberty is at stake in this matter, has received his full panoply of procedural rights. Because all of the procedural findings in the “amended” judgment relate back to the circumstances leading to the first judgment, we cannot be assured that Mr. Luzenberg received due process.
For the above reasons, we reverse the amended final judgment finding the for *548 mer husband in indirect criminal contempt and remand for further proceedings.
SILBE RMAN and KELLY, JJ., Concur.

. We realize that Mr. Luzenberg's failure to pay past due equitable distribution or some other property division award to Ms. Forand would be a debt that could not be enforced by contempt or incarceration. See, e.g., Braswell v. Braswell, 881 So.2d 1193 (Fla. 3d DCA 2004); Cox v. Cox, 462 So.2d 122 (Fla. 2d DCA 1985). However, the nature and amount of Mr. Luzenberg's debt were determined in the first contempt order issued, which is not before us on this appeal.