WEBSTER, J.
The former husband seeks review of the trial court’s order holding him in contempt for failing to pay to the former wife a share of his concurrent disability pay pursuant to the final judgment of dissolution of marriage. Because we agree with the former husband that he was not required to make such a payment pursuant to the final judgment, we reverse the order holding him in contempt and directing him to pay the former wife a share of his concurrent disability pay.
In 2000, the trial court entered a final judgment dissolving the parties’ 43-year marriage. At the time, the former husband, who was retired from the military and disabled, was receiving both military retirement pay and Veterans’ Administration (VA) disability benefits. However, as a condition of receiving VA disability benefits, the former husband was required to waive a corresponding amount of his military retirement pay (VA waiver). See Mansell v. Mansell, 490 U.S. 581, 583-84, 109 S.Ct. 2023, 104 L.Ed.2d 675 (1989). Because the former husband was receiving $2,366.00 each month in VA disability benefits, he waived $2,366.00 of his gross military retirement pay, resulting in net military retirement pay of $100.51. The final judgment provided that “[t]he parties have agreed that the Wife shall be due one-half (½) of the Husband’s military retirement pay as a vested property right, and one-half (½) of his VA waiver as permanent periodic alimony.” By giving the former wife one-half of the former husband’s VA waiver as alimony, the final judgment assured that the former wife would receive her full share of the former husband’s military retirement as if no VA waiver had been taken. See Longanecker v. Longanecker, 782 So.2d 406 (Fla. 2d DCA 2001). Thus, under the final judgment, the former wife received $50.25 each month in retirement pay and $1,183.00 (one-half of the VA waiver) in monthly alimony for a total monthly payment to the former wife of $1,233.25, which was equivalent to one-half of the former husband’s military retirement pay if no VA waiver had been taken.
Effective January 1, 2004, federal legislation provided for the phased restoration of retirement pay currently, deducted from certain military retirees’ accounts due to their receipt of VA disability benefits. 10 *418 U.S.C. § 1414. This restoration of retirement pay has been referred to as “concurrent disability pay.” Beginning in February 2004, the former husband received $750.00 each month in concurrent disability pay. This resulted in a $750.00 decrease in the VA waiver (from $2,366.00 to $1,616.00) and a corresponding $750.00 increase in the former husband’s net retirement pay (from $100.51 to $850.51). It also resulted in a reduction in the former wife’s monthly alimony (from $1,183.00 to $808.00) and an increase in the monthly amount she received from the former husband’s military retirement (from $50.25 to $425.25) for a total monthly payment of $1,233.25. In short, the former wife continued to receive her full share of the former husband’s military retirement pay as if no VA waiver had been taken.
In March and June 2004, the former wife filed motions for contempt and enforcement which claimed, among other things, that the former husband was not paying her a share of his concurrent disability pay. In July 2004, the trial court entered an order concluding that under the final judgment of dissolution, the former wife was entitled to receive one-half of the former husband’s concurrent disability pay in addition to one-half of his military retirement pay and one-half of his VA waiver. The trial court reserved ruling on the amount of the arrearage in concurrent disability pay and the former wife’s motion for contempt. The former husband filed an appeal which this court designated as an appeal from an appealable, non-final order. In May 2005, this court affirmed without opinion. Youngblood v. Youngblood, 905 So.2d 895 (Fla. 1st DCA 2005) (table). In June 2006, the trial court entered a final order holding the former husband in contempt and directing him to pay an arrearage in concurrent disability pay. This appeal follows.
The former husband claims that the trial court erred in holding him in contempt upon concluding that the former wife was entitled to one-half of his concurrent disability pay ($375.00 per month) in addition to the monthly payment of $1,233.25. The trial court’s conclusion appears to be based on the mistaken belief that concurrent disability pay increased the former husband’s gross retirement pay when, in reality, it merely restored retirement pay that the former husband previously was required to waive in order to receive VA disability benefits. The trial court’s ruling results in the former wife receiving more than one-half of the former husband’s military retirement pay which is clearly inconsistent with the final judgment. Although the former husband filed a non-final appeal challenging this ruling and this court affirmed without opinion, we must reconsider and correct this erroneous ruling, which has become the law of the case, because failure to do so would result in a manifest injustice. See Fla. Dep’t of Transp. v. Juliano, 801 So.2d 101, 106 (Fla.2001); Logue v. Logue, 766 So.2d 313, 315 (Fla. 4th DCA 2000). Requiring the former husband to make a payment not required by the final judgment would result in a manifest injustice, particularly where the former husband was held in contempt for failing to make the payment.
We acknowledge that the concurrent disability pay legislation contemplates that the former husband eventually will be allowed to receive the full amount of both his military retirement pay and VA disability benefits which will provide him with significantly more income than the former wife. However, we cannot read the final judgment of dissolution as permitting the former wife to receive half of all the former husband’s income related to his military service. Since this is merely an action to enforce the final judgment, there is *419 no jurisdiction to consider whether modification of the final judgment is warranted in light of the subsequent concurrent disability pay legislation. Based on the clear language of the final judgment, we reverse the trial court’s final order holding the former husband in contempt and directing him to pay an arrearage in concurrent disability pay.
REVERSED.
ALLEN, J., concurs.
BENTON, J., dissents with written opinion.