POLEN, J.
Former wife appeals the order of the trial court sustaining former husband’s exceptions to the magistrate’s report and denying her motion for contempt. The facts of this case can be best summarized from the trial court’s order, sustaining former husband’s exceptions to the magistrate’s report:
This case presents an interesting legal issue for the Court. The parties were divorced on March 16, 2005. The final judgment incorporated a marital settlement agreement f[1]] that provided that the husband would pay the wife permanent non-modifiable alimony. The agreement also contained a provision regarding a waiver of either parties’ ability to collect life insurance, IRA, 401(k), profit sharing plan and/or retirement benefits. The Former Wife is on disability and the Former Husband began collecting social security shortly after the divorce.
In November, 2005, just 8 months after the divorce was filed, the Former Wife filed a motion for contempt based upon the non-payment of alimony. The Former Husband argued that the $1,067 per month he receives in social security is a retirement benefit and is not subject to be used for alimony. Magistrate Joy Shearer agreed and entered a report *218 finding that the Former Husband was not in willful contempt. The Former Wife, who was pro se, filed no exception and the Honorable William Berger entered an Order on May 9, 2006 incorporating Magistrate Shearer’s report.
This case was before Magistrate Kiri-gin on the Former Wife’s motion for contempt for non-payment of alimony. Magistrate Kirigin in her report rejected the Law of the Case Doctrine and instead applied the holding in Logue v. Logue, 766 So.2d 313 ([Fla. 4th DCA 2000), where the court held that the Law of the Case Doctrine need not be applied where a manifest injustice would result. Magistrate Kirigin found that Magistrate Shearer’s interpretation of the plain meaning of the parties’ marital settlement agreement was erroneous![2]] ... Notwithstanding, there was never an objection and/or exception filed based upon that report and Judge Berger, a circuit judge assigned to family division entered an order approving that report. Does a magistrate have the authority to overrule a circuit judge based upon a finding of manifest injustice? Does this circuit judge have the authority to overrule another circuit judge because this judge may believe the predecessor judge was incorrect? This Court believes the answer to both questions is “no.”
The court in Logue noted that exceptions to the doctrine of the law of the case should be invoked only in unusual circumstances. Further, the court held that this is a “seldom used but important appellate power.” Id. at 314. While this Court is sympathetic to the Former Wife’s position, this Court is without authority to abandon the doctrine of the law of the case. Kohn v. City of Miami Beach, 611 So.2d 538 (Fla. 3d DCA 1993). To do so at the magistrate or trial court level would create uncertainty for future litigation. After all, parties could just wait until the assigned judge and/or magistrate is reassigned and bring the case back to court at that time.
As noted, this Court agrees with the magistrate’s report. Notwithstanding, any “manifest injustice” needs to be corrected, if at all, by the appellate court.
The trial court then granted former husband’s exceptions and quashed Magistrate Kirigin’s report.
A trial court’s adoption and ratification of a general magistrate’s report and recommendation is reviewed for an abuse of discretion. Collado v. Pavlow, 951 So.2d 69, 70 (Fla. 5th DCA 2007) (citing Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980)). On appeal, former wife argues that the answer to both questions framed by the trial court is “yes.” We agree with the trial court but remand for an evidentiary hearing to determine if former husband has any other assets, aside from income derived from his life insurance, pension, IRA, 401(k), profit sharing or retirement benefits, to pay former wife alimony.
We first note our disagreement with the trial court’s application of the “law of the case” doctrine. The doctrine of *219 “law of the case,” a principle of judicial estoppel, “requires that questions of law actually decided on appeal must govern the case in the same court and the trial court, through all subsequent stages of the proceedings.” Fla. Dep’t of Transp. v. Juliano, 801 So.2d 101, 105 (Fla.2001) (citation omitted). The doctrine is “limited to rulings on questions of law actually presented and considered on a former appeal.” Id. at 106 (emphasis in original). The doctrine of law of the case does not apply in this scenario; it applies only when matters are remanded to a trial court from an appellate court. As such, the trial court was not bound by the doctrine of law of the case to sustain former husband’s exceptions to Magistrate Kirigin’s report.
Instead, we agree with former husband that the principle enunciated in Groover v. Walker, 88 So.2d 312 (Fla.1956), applies, preventing Magistrate Kirigin and the circuit court from overruling Judge Berger’s order on Magistrate Shearer’s report. In Groover, the supreme court held:
The Court is committed to the general proposition that a successor judge may not correct errors of law committed by his predecessor and hence he cannot review and reverse on the merits and on the same facts the final orders and decrees of his predecessor.... [Wjhen parties are aggrieved by a decree an appeal should be taken rather than application made to another circuit judge, where no matters are presented that should be adjudicated by a circuit judge.
Id. at 313 (citation omitted).
We also note that although the remedy former wife sought was contempt, the real issue which must be determined on remand is how, if at all, she can recover past-due alimony. There is no question former husband owes former wife all accrued alimony payments. Pursuant to the MSA, the alimony provision is non-modifiable, and former husband never sought nor obtained an order terminating his alimony obligation. We remand to the trial court to conduct further proceedings to determine whether former husband has the ability to pay alimony from other assets besides his life insurance, pension, IRA, 401(k), profit sharing plan and/or retirement benefits, as described in the parties’ MSA.

Affirmed in part; Remanded in part.

GROSS and CONNER, JJ„ concur.

. The parties' marital settlement agreement (MSA) requires former husband to pay former wife $400.00 each bi-weekly pay period and also provides:
Each party hereby waives any past, present or future rights or interest that he or she may have acquired, or may acquire in the future, in and to the other party’s life insurance, pension, IRA, 401(k), profit sharing plan and/or retirement benefits. The life insurance, pension, IRA, 401(k), profit sharing plan, and/or retirement benefits shall remain the sole and exclusive property of the party named therein and whom possesses or controls said property and the other party hereby conveys all right, title, and interest in the property to the other and otherwise disclaims all rights to make any claims thereto.

. Magistrate Kirigin specifically found:
[The MSA contains] a reciprocal waiver of equitable distribution of the parties’ respective life insurance, pension, IRA, 401(k), profit sharing plan and/or retirement benefits for purposes of property distribution. It is not a waiver of any income flow derived therefrom for purposes of the payment of alimony or a contempt purge. Any other construction would be, simply put, absurd at the time of contracting and at any time in the future given the former wife’s disability, need for spousal support, and the former husband’s age, health condition and retirement.