PER CURIAM.
This is an appeal and cross-appeal from an amended final judgment. We reverse and remand for new trial.
Appellants Kahle, the defendants below in this automobile injury case, asserted a no-fault threshold defense pursuant to section 627.737, Florida Statutes (1991). At the conclusion of the case, the trial court observed that no evidence had been presented on the issue of whether appellants had the required security to qualify for the exemption provided by section 627.737(1), and said it would not give the threshold instructions to the jury. The trial court then denied appellants’ *122 request to reopen their case, saying it s so basic that you’ve got to do that, I don’t see how you can go through a case without doing it.”
Subsequently, appellants’ attorney asked whether, in light of the trial court’s ruling, he would be precluded from talking about permanency in his closing arguments. The trial court said he could mention permanency since it pertains to future damages, then only instructed the jury as follows with respect to permanency:
If the greater weight of the evidence shows that Becky Prewitt has been permanently injured, you may consider her life expectancy. The mortality tables received in evidence may be considered in determining how long she may be expected to live. Such tables are not binding on you but may be considered together with other evidence in the case bearing on Becky Prew-itt’s health, age and physical condition before and after the injury in determining the probable length of her life.
(Emphasis added).
The motor vehicle no fault threshold instruction says:
If you find for the (defendant)®, you will not consider the matter of damages. However, if you find for (claimant), you shall next determine the issue of permanency, that is, whether (claimant) sustained an [injury] [or] [disease] as a result of the incident complained of which consists in whole or in part of:
[(1) significant and permanent loss of an important bodily function;] [or]
[ (2) significant and permanent scarring or disfigurement;] [or]
[(3) a permanent injury within a reasonable degree of medical probability, other than scarring and disfigurement].
If the greater weight of the evidence does not support the claim of (claimant) on the issue of permanency, you should [award to claimant an amount of money which the greater weight of the evidence shows will fairly and adequately compensate (claimant) for damages caused by the incident in question] [see Note on use 3].
You shall consider the following elements of damage:
Note: here enumerate those damages recoverable in the absence of a finding of permanency.
[and which have not been paid and are not payable by personal injury protection benefits].
However, if the greater weight of the evidence does support the claim of (claimant) on the issue of permanency, then you should also consider the following elements:
Note: enumerate those damages in S.J.I. 6.2 as applicable. If there is an issue of comparative negligence, refer to 6.1(c) for additional language and instructions.
Fla.Std.Jury Instr. (Civ.) 6.1(d).
It was an abuse of discretion for the trial court not to provide appellants the opportunity to satisfy the trial court that they had met the statutory requirements, notwithstanding appellants’ failure to eliminate the non-issue of coverage earlier in the trial court’s mind. The parties stipulated prior to trial that one of the issues to be tried was “no-fault threshold.” This defense does not become material until it is shown that the tort-feasor had the required security. State Farm Mut. Automobile Ins. v. Gomez, 605 So.2d 968 (Fla. 3d DCA 1992). Implicit in the stipulation was the absence of an issue concerning appellants’ security. Once appellants were informed of a deficiency by the trial court, they should have been provided the opportunity to resolve the issue.
Should appellee obtain a final judgment on retrial, the parties are in agreement that it is error not to permit interest to accrue upon same as was done here.
GLICKSTEIN, STONE and GROSS, JJ., concur.