987 So.2d 124 (2008)
Diosdado BROCHE and Trinidan Broche, his wife, Appellants,
v.
John COHN, Island Motors, Inc., a Florida corporation and Warren B. Mosler, Appellees.
No. 4D07-3937.
District Court of Appeal of Florida, Fourth District.
July 9, 2008.
*125 Jeff Tomberg of Jeff Tomberg, J.D., P.A., Boynton Beach, for appellants.
Kenneth W. Moffet, and Sheri Lynn Hopkins of Vernis & Bowling of Palm Beach, P.A., North Palm Beach, for appellees John Cohn and Island Motors Inc.
John H. Pelzer of Ruden, McClosky, Smith, Schuster & Russell, P.A., Fort Lauderdale, for appellee Warren B. Mosler.
DAMOORGIAN, J.
Appellants, Trinidan and Diosdado Broche, appeal from a final judgment entered in favor of appellee Warren B. Mosler. Appellee, John Cohn, cross-appeals the final judgment. On appeal, Diosdado Broche ("Broche") argues that Mosler is *126 not entitled to own a parcel of real property (the "Property") because Mosler purchased the Property from Island Motors, Inc., with notice of his claim. On cross-appeal, Cohn argues that the trial court erred in deciding issues that had been removed by stipulation. We affirm in part and reverse in part.
In September 2001, Broche and Cohn verbally agreed to form Island Motors, Inc., a Florida corporation, for the purpose of running a used car dealership. Although Broche provided the capital, Island Motors was the record owner of the Property. Under the articles of incorporation, Cohn was the president, sole officer and sole director of Island Motors. Broche did not want his name on any documents associated with Island Motors.
Shortly after the purchase, Cohn and Broche's relationship deteriorated. In September 2001, Broche, who was not an officer, shareholder or director, issued himself fifty-one shares and his wife forty-nine shares of Island Motors. In February 2002, Broche prepared a quitclaim deed and transferred the Property from Island Motors to himself and his wife for $10.00 consideration. This deed was recorded.
In response, on February 13, 2002, Cohn recorded a deed to the Property where the Property was transferred from Island Motors to himself for $10.00. Cohn also issued himself 100 shares of Island Motors stock. Soon after, Cohn filed a suit against Broche to challenge Broche's transfer. Cohn also filed a notice of lis pendens on the property.
While litigation was pending, Cohn, on behalf of Island Motors, entered into a contract with Mosler to sell the Property. Chicago Title, Mosler's title insurance company, performed a title search which revealed that Island Motors had legal title of the Property, that Cohn was the president and sole officer of Island Motors, and that he had authority to conduct the sale. Additionally, the search revealed Broche's recorded quitclaim deed and the lis pendens on the property. Prior to closing, Cohn informed Chicago Title of the pending suit and the lis pendens, but explained that Broche was simply a disgruntled employee who was bringing a fraudulent claim. As a result, Chicago Title required that the lis pendens be dismissed and that Cohn indemnify any claim brought by Broche before it would warrant the title to the Property. At some point in February, Cohn dismissed his suit and removed the lis pendens. Cohn also agreed to indemnify Chicago Title against any claim from Broche.
On February 18, 2003, Broche initiated this action, but did not originally name Mosler as a defendant. Chicago Title was not given notice of this lawsuit. On February 26, 2003, Island Motors and Mosler closed the sale to the Property. Mosler recorded a warranty deed to the Property after completing the sale. Cohn retained all the proceeds of the sale.
Before trial, the parties filed a joint pre-trial stipulation, which limited the issues to be tried. In July 2007, the trial court entered its final judgment and found that Mosler was entitled to the Property as a bona fide purchaser for value and that Cohn was authorized to transfer the Property on behalf of the corporation. In addition, the court declared that the Corporation had legal title to the Property prior to the sale; thus, the proceeds of the sale belonged to the corporation. Accordingly, the court found that Cohn had no interest in the Property and that he breached his fiduciary duties to the corporation by self-dealing. Consequently, the trial court ordered Cohn to reimburse the corporation for the sale, and that the stock Cohn issued to himself be voided.
*127 We begin by addressing Broche's contention that Mosler is not entitled to the Property because he purchased it with notice[1]. Under Florida law, a purchaser who takes with notice, takes subject to all outstanding equitable interests. Dunson v. Stockton, Whatley, Davin & Co., 346 So.2d 603, 606 (Fla. 1st DCA 1977) (citing Tate v. Pensacola, Gulf, Land and Dev. Co., 37 Fla. 439, 20 So. 542 (1896)). In this case, the court found that Broche had no equitable interest in the property because the property belonged solely to the corporation. Additionally, the court found that Cohn as the president and sole officer had authority to sell the property. Furthermore, no evidence of fraud or bad faith on the part of Mosler was introduced. Therefore, the trial court was correct in awarding the property to Mosler because Broche did not have an interest in the property.
Next we address whether the trial court erred in deciding that Cohn breached his fiduciary duty and in voiding the stock transfer because the parties' stipulation limited the issues to be tried. A stipulation that limits the issues to be tried "amounts to a binding waiver and elimination of all issues not included." Esch v. Forster, 123 Fla. 905, 168 So. 229, 231 (1936). "Pretrial stipulations prescribing the issues on which a case is to be tried are binding upon the parties and the court, and should be strictly enforced." Lotspeich Co. v. Neogard Corp., 416 So.2d 1163, 1165 (Fla. 3d DCA 1982) (citing Gunn Plumbing, Inc. v. Dania Bank, 252 So.2d 1 (Fla.1971)). Further, "[i]t is the policy of the law to encourage and uphold stipulations in order to minimize litigation and expedite the resolution of disputes." Spitzer v. Bartlett Bros. Roofing, 437 So.2d 758, 760 (Fla. 1st DCA 1983).
In its final judgment, the trial court found that Cohn had breached his fiduciary duties, and ordered Cohn to reimburse Island Motors the proceeds from the sale and to void his self-issued stock. Neither the breach of fiduciary duty claim, nor the voiding of stock were issues listed in the pre-trial stipulation. Additionally, the court's determination as to the breach of fiduciary duty claim, and the voiding of stock was not necessary to resolve any of the issues or the relief requested in the pre-trial stipulation. Thus, the trial court erred in deciding that Cohn breached his fiduciary duty and in voiding the stock transfer because the parties had properly removed those issues from trial.
Although not listed as an issue in the pre-trial stipulation, the trial court properly ordered Cohn to reimburse Island Motors the proceeds from the sale. See Kahle v. Prewitt, 673 So.2d 121 (Fla. 4th DCA 1996) (trial court may decide issue outside stipulation where reaching such an issue is implicit or necessary to resolve issues that are properly before the court); see also City of Hartford v. Am. Arbitration Assn., 174 Conn. 472, 391 A.2d 137, 139 (1978) (court may decide issues outside stipulation where they are necessary to decide the relief sought). In the stipulation, the trial court was asked to decide whether Cohn had any right to the property. The trial court found Cohn did not. Instead, the court found that Island Motors was the rightful owner of the Property before the sale. Having no interest in the Property, Cohn has no right to the proceeds from its sale. Accordingly, we *128 find that the order requiring Cohn to reimburse Island Motors was a necessary consequence of the trial court's determination that Island Motors was the owner of the Property before the sale. Thus, the issue of who was entitled to the proceeds from the sale was properly before the court despite not being listed in the pre-trial stipulation. See Fed. Land Bank of Columbia v. Brooks, 139 Fla. 506, 190 So. 737, 741 (1939) (stipulations are not to be construed technically, but rather in accordance with their spirit and in furtherance of justice).
Therefore, we affirm the trial court's finding that Mosler is entitled to the property and the trial court's order requiring Cohn to pay the proceeds of the sale to Island Motors. Additionally, we reverse the trial court's finding that Cohn breached his fiduciary duty, along with its order requiring that Cohn void the stock he issued himself. On remand, the trial court may address any issues on which it reserved jurisdiction.
Affirmed In Part, Reversed In Part, And Remanded.
SHAHOOD, C.J., and KLEIN, J., concur.
NOTES
[1] Section 695.01(1), Florida Statutes states:

No conveyance, transfer, or mortgage of real property, or of any interest therein, nor any lease for a term of 1 year or longer, shall be good and effectual in law or equity against creditors or subsequent purchasers for a valuable consideration and without notice, unless the same be recorded according to law.