On Motion for Rehearing
 

 MAY, C.J.
 

 We deny the appellee’s motion for rehearing, but withdraw our prior opinion and substitute this opinion in its place to more accurately reflect the facts.
 

 This appeal pits “integrity” in the practice of law against an unwarranted game of “gotcha.” The purchaser of property, and assignee of the named insured, appeals a verdict in favor of the insurer rendered after a game of “gotcha.” We reverse.
 

 The named insured sold a twenty-two acre site to the purchaser and assigned its rights to an insurance contract that provided property and casualty insurance — including hurricane and windstorm coverage. The named insured added the purchaser to the liability insurance policy as an additional insured, but not to the property insurance policy.
 

 Subsequently, Hurricane Wilma destroyed the property. Shortly thereafter, the purchaser/assignee submitted a claim to the insurer. The insurer issued a check to the purchaser for $770,981.21. Because the check did not cover the entire claim, the purchaser filed a complaint and amended complaint against the insurer.
 

 The trial court ordered the parties to file a Joint Pretrial Stipulation. That Stipulation begins with a Statement of Facts:
 

 This action concerns a dispute over the amount of damages paid to [the purchaser] for its claim for damages resulting from Hurricane Wilma. [The insurer] has issued payment for what it maintains are the damages resulting from the hurricane, and it contends that it owes no further monies under the policy. It is [the purchaser’s] position that [the insurer’s] payment is insufficient to cover the damages sustained as a result of Hurricane Wilma, and that [the insurer] is in breach of the insurance contract by failing to pay the proper amount of damages.
 

 It also contained a list of nine stipulated facts. Among them, the parties stipulated:
 

 (g) [The assignor] assigned its rights to the insurance proceeds to [the purchaser] on December 28, 2005.
 

 (i) On March 29, 2006 [the insurer] issued a payment to [the purchaser] for $770,981.21 for the damages to The Property caused by Hurricane Wilma.
 

 Finally, the Joint Pretrial Statement contained a Statement of Disputed Issues of Law and Fact which read:
 

 (a) Whether [the insurer] is in breach of the insurance contract.
 

 
 *913
 
 (b) Whether [the purchaser] is in breach of the insurance contract.
 

 (c) What is the amount of covered damages under the ... insurance contract, if any.
 

 Prior to trial, the insurer filed a motion in limine to exclude evidence concerning its underwriting file. In support of its motion, insurance counsel argued that the insurer had already paid proceeds to the purchaser, pursuant to the assignment, making the only remaining issue whether the payment was sufficient. Insurance counsel made similar representations at other hearings. And, during opening statement, insurance counsel conceded the purchaser’s entitlement to the insurance proceeds.
 

 During its case in chief, the purchaser called witnesses to testify about the purchase of the property, the damage to the property, and the insurer’s underestimation of the damage. The purchaser entered the insurance policy and the tendered check into evidence. It also questioned a witness concerning its entitlement to the insurance proceeds.
 

 At the close of the purchaser’s case, the insurer moved for a directed verdict, arguing that the purchaser had failed to prove the existence of the assignment. The purchaser responded that the assignment had been stipulated to as a part of the joint pre-trial stipulation. In fact, the insurer had already paid the purchaser a large sum of money, leaving the remaining disputed amount to be determined at trial. And, the style of the case even reflected that the purchaser filed suit as assignee.
 

 The trial court denied the motion without prejudice. The insurer then presented a single witness, who also testified about the damage to the property. At the close of the evidence, the insurer renewed its motion for directed verdict, which the court denied. The purchaser again reminded the court that the assignment had been stipulated to by the insurer, and required no proof at trial.
 

 During the charge conference, insurance counsel again raised the lack of evidence of the assignment. Again, the purchaser argued to the court that the assignment was a stipulated fact, and objected to the court’s instruction concerning the assignment. The trial court found the existence of a valid assignment was a jury question, and specifically instructed the jury it was to determine whether the purchaser held a valid assignment of the insurance proceeds.
 

 The verdict form contained a special interrogatory as question one directed to the issue of the assignment. During deliberations the jury asked: “Does marking no ... on Question Number 1 mean the ruling is in favor of [the insurer]?” The trial court provided no additional guidance. The jury then found there was no assignment, thereby ending its deliberations.
 

 The purchaser moved for a new trial. The trial court denied the motion and entered a final judgment for the insurer. The purchaser now appeals.
 

 We review orders on motions for new trial for an abuse of discretion.
 
 Allstate Ins. Co. v. Manasse,
 
 707 So.2d 1110, 1111 (Fla.1998). We find the trial court abused its discretion in denying the purchaser’s motion for new trial.
 

 The purchaser argues that the joint pretrial stipulation bound the parties and the court, and eliminated the need for certain proof at trial, specifically the need to prove a valid assignment of the insurance proceeds. The insurer responds that notwithstanding the stipulation, the purchaser still had the burden to prove a prima facie case, which required proof of every element of the breach of contract claim, in-
 
 *914
 
 eluding the assignment. At the very least, the insurer argues the purchaser should have entered the stipulation into the record.
 

 We begin by reviewing the applicable rules of civil procedure. Florida Rule of Civil Procedure 1.200 provides for ease management and pretrial conferences for the purpose of simplifying issues and limiting the admission of testimony and documents to “avoid unnecessary proof.” Subsection (d) provides “[t]he court shall make an order reciting the action taken at a conference and
 
 any stipulations made.
 
 The order
 
 shall control the subsequent course of the action unless modified to prevent injustice.
 
 Fla. R. Civ. P. 1.200(d) (emphasis added).
 
 [1]
 

 A stipulation that limits the issues to be tried “amounts to a binding waiver and
 
 elimination of all issues not included.”
 
 “Pretrial stipulations prescribing the issues on which a case is to be tried are binding upon the parties and the court, and
 
 should be strictly enforced.”
 
 Further, “[i]t is the policy of the law to encourage and uphold stipulations in order to minimize litigation and expedite the resolution of disputes.”
 

 Broche v. Cohn,
 
 987 So.2d 124, 127 (Fla. 4th DCA 2008) (citations omitted) (emphasis added) (alteration in original).
 

 Here, the purchaser and insurer entered into a joint pretrial stipulation that limited the dispute to the amount to be paid to the purchaser for damages from Hurricane Wilma. The parties stipulated that: (1) the named insured assigned its right to the insurance proceeds to the purchaser; and (2) the insurer tendered payment to the purchaser for the damage. The disputed issues were whether the insurer or the purchaser breached the insurance contract and the amount of damages owed to the purchaser, if any. The assignment was never at issue. In fact, throughout hearings and opening statement, insurance counsel admitted the dispute concerned only the amount of damage — not the purchaser’s entitlement.
 

 When the trial court instructed the jury and provided a verdict form that questioned whether a valid assignment existed, it impermissibly abandoned the stipulation. In doing so, it erred. The court then abused its discretion in not correcting the error on the purchaser’s motion for new trial.
 

 We find the insurer’s reliance on
 
 Maxson v. Air Products & Chemicals, Inc.,
 
 554 So.2d 1212 (Fla. 1st DCA 1990), ill-founded. There, the First District Court of Appeal discussed the procedure by which stipulated facts can be read to the jury.
 
 Id.
 
 at 1213-14. While reading a stipulation may be entirely permissible, the First District did not hold that such a reading is required to trigger the binding effect of a stipulation on the parties.
 
 [2]
 
 A party’s “stipulation waives his or her right to contest the [] failure to introduce any evidence on those stipulations, including a failure to read those stipulations to the
 
 *915
 
 jury.”
 
 Brown v. State,
 
 940 So.2d 609, 610-11 (Fla. 4th DCA 2006).
 

 Our system of justice depends upon lawyers as officers of the court. Here, insurance counsel abandoned that role and engaged in gamesmanship by failing to honor the stipulation. That conduct deprived the purchaser of a fair trial; justice requires a new trial.
 

 Reversed and remanded for a new trial.
 

 HAZOURI and CIKLIN, JJ., concur.
 

 [1]
 

 . The local rule expressly requires parties to file a Joint Pretrial Stipulation that describes "Any stipulated facts requiring
 
 no proof at trial "
 
 and a "Statement of disputed issues of law and fact to be tried.” Fla. 17th Jud. Cir., Local R. 9 (emphasis added).
 

 [2]
 

 . The insurer further argues the purchaser should have requested to reopen its case or request a curative instruction.
 
 See Kahle v. Prewitt,
 
 673 So.2d 121, 122 (Fla. 4th DCA 1996) ("Implicit in the stipulation was the absence of an issue concerning appellants' security. Once appellants were informed of a deficiency by the trial court, they should have been provided the opportunity to resolve the issue.”). Failing to have done so, the purchaser invited the error. We disagree.