PER CURIAM.
In Lindon I,[1] this Court reversed the trial court’s order granting a directed verdict and a judgment notwithstanding the verdict. We remanded the case to the trial court for a new trial on damages or a determination of Dalton’s motion for a new trial. On remand, a successor judge heard Dalton’s motion for new trial and, after reviewing the record, granted the motion requiring a new trial on all issues. It is from this order that Lindon appeals. Lin-don contends that there was sufficient evidence in the record for a jury to find in his favor on the merits of his claim. We agree and reverse.
The trial judge has broad discretion in granting a new trial. An appellate court gives great deference to the trial judge’s ruling on a new trial motion because the trial judge has heard all the evidence, had an opportunity to view the witnesses, and was able to observe their *987 demeanor and form opinions as to their credibility. Cloud v. Fallis, 110 So.2d 669, 673 (Fla.1959).
The same is not true when a successor judge is the one reviewing the record and making a determination as to a new trial. The successor judge is in no better position than an appellate court to make the decision. Wolkowsky v. Goodkind, 153 Fla. 267, 14 So.2d 398, 402 (1943); Nat’l Healthcorp, Ltd. Partnership v. Cascio, 725 So.2d 1190, 1193 (Fla. 2d DCA 1998). A successor judge in this case reviewed the record and made a determination that the verdict in favor of Lindon was against the manifest weight of the evidence and granted a new trial on all issues. However, our review of the record reveals that there was evidence in the record to support a verdict in favor of Lindon. A jury’s verdict is generally not against the manifest weight of the evidence if the record shows conflicting testimony from two or more witnesses. See Cascio, 725 So.2d at 1194 (citing Fitzgerald v. Molle-Teeters, 520 So.2d 645 (Fla. 2d DCA 1988)).
We find that the court abused its discretion in granting a new trial on all issues and remand this case for a trial on damages only as set forth in Lindon I.
REVERSED and REMANDED for NEW TRIAL with INSTRUCTIONS.
SAWAYA, TORPY and JACOBUS, JJ„ concur.

. Lindon v. Dalton Hotel Corp., 49 So.3d 299 (Fla. 5th DCA 2010).