IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ALLSTAR CLEANING SERVICE, INC.,

     Appellant,

 v.                                                                                    Case No.  5D16-2617

ANNA GRINWIS AND JOHN GRINWIS,

     Appellees.

_____/

Opinion filed October 20, 2017

Appeal from the Circuit Court
for Brevard County,
Robert A. Wohn, Jr., Judge.

Dennis R. O'Connor, of O'Conner &
O'Conner, LLC, Winter Park, and Warren
Kwavnick, of Cooney Trybus Kwavnick
Peets, Fort Lauderdale, for Appellant.

Gregory J. Donoghue, N. John Hedrick, Jr.,
and Robert D. Hoag, of Law Offices of
Donoghue & Associates, Melbourne, for
Appellees.


PER CURIAM.

     This appeal is from an order granting the plaintiffs' motion for new trial after the

jury returned its verdict in favor of Allstar Cleaning Services, Inc. in a failure to warn, slip

and fall case.  The trial court erroneously concluded that the verdict was against the

greater weight of the evidence.  In this case, there was conflicting testimony regarding

liability and injury causation from a number of witnesses. "A jury verdict is contrary to the manifest weight of the evidence only when the evidence is clear, obvious, and indisputable." *Jones v. Stevenson*, 598 So. 2d 219, 220 (Fla. 5th DCA 1992) (internal quotation and citation omitted). "A jury's verdict is generally not against the manifest weight of the evidence if the record shows conflicting testimony from two or more witnesses." *Lindon v. Dalton Hotel Corp.*, 113 So. 3d 985, 987 (Fla. 5th DCA 2013). "[W]here there is conflicting evidence, the weight to be given that evidence is within the province of the jury." *Harlan Bakeries, Inc. v. Snow*, 884 So. 2d 336, 340 (Fla. 2d DCA 2004). Nor can the order granting a new trial be sustained based upon the jurors' questions as suggested by the trial court; there was nothing in the record to indicate that the jury's verdict was the result of anything other than its consideration of the disputed evidence and the trial court's instructions on the law.

Accordingly, we reverse and remand with instructions for the trial court to enter final judgment in favor of the Appellant.

REVERSED AND REMANDED WITH INSTRUCTIONS.

TORPY, EDWARDS, and EISNAUGLE, JJ., concur.