DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**YEHUDA BALVA,**
Appellant,

v.

**ONTARIO WEALTH MANAGEMENT CORPORATION,** a foreign
corporation, **JEFFREY FRIEDMAN, RANDI FRIEDMAN, JASON
KLINGHOFFER, UNITED STATES OF AMERICA, DEPARTMENT OF
TREASURY,** and **FLORIDA DEPARTMENT OF REVENUE,**
Appellees.

No. 4D17-1126

[March 14, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm
Beach County; Thomas H. Barkdull III, Judge; L.T. Case No.
502015CA011898XXXXMBAW.

Scott C. Gherman of Scott C. Gherman, P.A., Boca Raton, for appellant.

Dariel Abrahamy of Greenspoon Marder, P.A., Boca Raton, for appellee
Ontario Wealth Management Corporation, a foreign corporation.

DAMOORGIAN, J.

Yehuda Balva appeals the trial court's entry of amended final judgment
of foreclosure in favor of Ontario Wealth Management Corporation ("the
Bank") following a bench trial. We reverse.

In 2016, the Bank filed a mortgage foreclosure complaint against
Appellant. The matter ultimately proceeded to a bench trial on the issue
of damages only. At the conclusion of the trial, the Bank requested that
the court reserve jurisdiction to determine the reasonable amount of
attorney's fees and costs as the Bank did not have an expert available to
testify at trial. The court did not make any rulings and instead requested
that each party submit a proposed final judgment. The court ultimately
entered the proposed final judgment submitted by the Bank with some
modifications. Specifically, the court crossed out the amounts that the
Bank listed for attorney's fees and costs and also crossed out the word
"Reserved" written next to those amounts.

Following entry of the final judgment, the Bank filed a motion to amend the final judgment to include attorney's fees and costs following an evidentiary hearing. For reasons not entirely clear, the matter was specially set for an evidentiary hearing before a second judge. Appellant objected and moved to strike the motion and sought sanctions on the grounds that the Bank's motion was frivolous and in contradiction to the final judgment.

Unbeknownst to the parties, the day prior to the scheduled hearing, the original judge entered an order denying the Bank's motion to amend the final judgment to include attorney's fees and cancelling the evidentiary hearing before the second judge. Having not received this ruling, the parties proceeded as scheduled to the hearing before the second judge. At the beginning of the hearing, Appellant reiterated his position that the original judge had already ruled on the issue of entitlement to attorney's fees and costs. The second judge denied Appellant's motion to strike and proceeded with an evidentiary hearing on the fee claim. Ultimately the second judge entered an amended final judgment and awarded the Bank attorney's fees and costs. After receiving the original judge's ruling, Appellant moved to vacate the amended final judgment of foreclosure, which the second judge denied.

On appeal, Appellant argues that because the original judge made a definitive ruling on the issue of entitlement to attorney's fees, the second judge abused his discretion in proceeding with the evidentiary hearing in the first place, amending the final judgment, and denying the motion to vacate. We agree.

It is well established that "a successor judge may not correct errors of law committed by his predecessor and hence he cannot review and reverse on the merits and on the same facts the final orders and decrees of his predecessor." *Drdek v. Drdek*, 79 So. 3d 216, 219 (Fla. 4th DCA 2012) (quoting *Groover v. Walker*, 88 So. 2d 312, 313 (Fla. 1956)). Accordingly, when a party is aggrieved by a final judgment, the proper procedure is for the aggrieved party to seek review on appeal, not in front of a different trial court judge. *Id.* Here, the judge who presided over the trial made a definitive ruling on the issue of entitlement to attorney's fees and costs, both in the original final judgment and the order denying the Bank's motion to amend the final judgment to include attorney's fees and costs. These rulings were made before the second judge considered the fee issue. Accordingly, the second judge had no authority to reverse the original judge's decision to deny attorney's fees and costs. *Id.*

*Reversed.*

TAYLOR and MAY, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***