# Third District Court of Appeal

## State of Florida

Opinion filed April 10, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-0550
Lower Tribunal No. 12-19187
_____

**Winn-Dixie Stores, Inc.,**
Appellant,

vs.

**Vadne Winters,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Peter R. Lopez, Judge.

Cole, Scott & Kissane, P.A., and Melinda S. Thornton, for appellant.

Steinger Iscoe & Greene, P.A., and Alejandro M. Garcia (Fort Lauderdale); Burlington & Rockenbach, P.A., and Nichole J. Segal and Andrew A. Harris (West Palm Beach), for appellee.

Before EMAS, C.J., and LOGUE and HENDON, JJ.

HENDON, J.

Winn-Dixie Stores, Inc. ("Winn-Dixie") seeks to reverse the order vacating the Final Judgment and granting Plaintiff Vadne Winters' ("Winters") motion for new trial. We affirm.

In 2011, Winters slipped, fell, and was injured at Winn-Dixie, allegedly on water that had accumulated from the dripping mist system near the fresh vegetable section. She filed suit against Winn-Dixie for breach of duty of care by negligent maintenance of the produce section floor, or alternatively, by failing to warn her of a known dangerous condition, resulting in her injuries. The action went to trial in 2017. Throughout the trial, the trial court cautioned the parties and jury that they were not to assume that any of his trial decisions indicated any bias or opinion as to the merits of the case. The jury found Winn-Dixie was not negligent.

Winters subsequently filed a motion to disqualify the trial judge, alleging that the trial judge's comments and behavior demonstrated prejudice against her counsel and deprived her of a fair trial. The trial judge appropriately recused himself from the case, and a successor judge was assigned. The successor judge entered Final Judgment in favor of Winn-Dixie pursuant to the jury verdict. Subsequently, the successor judge conducted a hearing on Winters' motion for new trial. After hearing arguments of both counsel, the successor judge granted Winters' motion for new trial, and vacated the prior Final Judgment based on "the reasons stated by the Court during the February 12, 2018 hearing . . ."

2

As a general proposition, a trial court, when asked to rule on a motion to disqualify, must accept the facts alleged as true and then determine legally if those facts would cause a reasonable person to develop a well-grounded belief that he or she would not receive a fair hearing before that trial judge. See Shumpert v. State, 703 So. 2d 1128 (Fla. 2d DCA 1997); Rucks v. State, 692 So. 2d 976, 977 (Fla. 2d DCA 1997); Fla. R. Jud. Admin. 2.160(f). The facts alleged in the motion need only show a well-grounded fear that the movant will not receive a fair trial at the hands of the judge. "The question of disqualification focuses on those matters from which a litigant may reasonably question a judge's impartiality rather than the judge's perception of his ability to act fairly and impartially." Livingston v. State, 441 So. 2d 1083, 1086 (Fla. 1983). If the facts as alleged do not meet that burden, the motion is determined to be legally insufficient. J & J Indus., Inc. v. Carpet Showcase of Tampa Bay, Inc., 723 So. 2d 281, 282–83 (Fla. 2d DCA 1998). In the case before us, the original trial court judge granted Winter's motion to disqualify as the facts alleged in her motion were sufficient to support her assertions that she believed that she could not receive a fair trial.

We review the successor judge's grant of a motion for new trial for abuse of discretion. Big Lots Stores, Inc. v. de Diaz, 18 So. 3d 1065, 1067 (Fla. 3d DCA 2008). In its brief, Winn-Dixie acknowledges the general applicability of this standard of review, but contends that where the motion for new trial is ruled on by a

successor judge (who must base his or her determination on review of a cold record, having not presided over the trial), the deference accorded such ruling is significantly narrowed. See, e.g., Robinson v. Ward, 203 So. 3d 984, 989 (Fla. 2d DCA 2016) (affirming the trial court's order granting a new trial based on attorney misconduct and explaining that the abuse of discretion standard is "based on the presumption that the trial judge ruling on the motion for new trial was the one who presided over the case and is therefore in the best position to determine the propriety and potential impact of the conduct") (citation omitted). See also Nat'l Healthcorp Ltd. P'ship v. Close, 787 So. 2d 22 (Fla. 2d DCA 2001) (observing: "Because the order awarding a new trial was entered by a successor judge on the basis of a study of the record, the discretion of the trial court to set aside the jury's verdict is significantly diminished in this case."); Lindon v. Dalton Hotel Corp., 113 So. 3d 985 (Fla. 5th DCA 2013). Winn-Dixie's point is well taken but ultimately unavailing: Even applying this narrowed abuse of discretion standard, we would affirm the successor judge's order. If the appellate court determines that reasonable people could differ as to the propriety of the trial court's action, there can be no finding of an abuse of discretion. Hahn v. Medeiros, 858 So. 2d 1242 (Fla. 5th DCA 2003); see also Gen. Hosp. of Greater Miami, Inc. v. Gager, 160 So. 2d 749, 751 (Fla. 3d DCA 1964) (stating that appellate courts are much more reluctant to interfere with an order granting a new trial than an order denying a new trial).

4

Finding no abuse of discretion, we therefore affirm the order granting the Plaintiff's motion for new trial.

Affirmed.