DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LARRY DARNELL SPRINGER, SR.,**
individually and as Trustee of the
**LARRY DARNELL SPRINGER, SR. TRUST,**
Appellant,

v.

**CHARLOTTE MILLER MERRICKS,**
Appellee.

No. 4D2023-0266

[November 27, 2024]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Gary L. Sweet and Elizabeth Metzger, Judges; L.T. Case No. 432020CA001144.

John J. Anastasio of the Law Office of John J. Anastasio, Stuart (withdrew as counsel after filing brief), for appellant.

Vincent E. Miller of The Law Offices of Vincent E. Miller, P.A., Delray Beach, for appellee.

MAY, J.

The defendant in a fraud and rescission action appeals a final judgment for the plaintiff. He argues a successor judge erred in denying his motion to amend the judgment and for new trial. We agree in part and reverse.

- ***The Facts***

The plaintiff and defendant had known each other since the defendant was a child. As an adult, the defendant purchased property next to the now eighty-nine-year-old plaintiff. In 2020, the defendant paid off the remaining balance of the plaintiff's mortgage in exchange for a promissory note, deed of trust, and quitclaim deed that was favorable to the defendant.

The plaintiff's house acted as collateral for the promissory note. The deed of trust secured the promissory note. The quitclaim deed gave the

plaintiff a life estate in her property and the defendant received the remainder. During the execution of the quitclaim deed, one witness signed outside of the other's presence.

After talking to her sister about what happened, the plaintiff filed suit against the defendant alleging four claims: (1) fraud in the inducement; (2) declaratory judgment; (3) rescission of deed due to fraud and deceit; and (4) quiet title. She claimed to have signed the documents only because the defendant lied and manipulated her. The defendant denied her assertions and claimed to have paid off the plaintiff's mortgage because she indicated that she was suffering a financial hardship.

The plaintiff's broad argument at trial was that she had no financial hardship and did not fully understand the documents she signed. The plaintiff's sister testified that she was not aware of the transaction until after it took place. The plaintiff and her sister said they tried to pay the defendant back for the mortgage, but he was hard to find.

The plaintiff's counsel called a church friend to testify that the plaintiff had fallen once in 2017 or 2018, and that her condition deteriorated after that day. This witness also testified the plaintiff spent less time at church and with the community after the defendant came back into her life.

The plaintiff also introduced the videotaped deposition of a clinical psychologist. The doctor diagnosed the plaintiff with depression and a neurocognitive disorder. He said the plaintiff showed some impairment in her reasoning. Throughout trial, the defendant claimed that he only helped pay the plaintiff's mortgage off because she was in financial need.

When discussing the jury instructions, the trial judge noted the pretrial stipulation's terms that if the promissory note and deed are rescinded, then the defendant would be reimbursed for his contribution to the mortgage. The plaintiff's counsel said, "if we do prevail, I think under maybe the declaration or maybe the counts in equity, the [c]ourt could enter a final judgment for reimbursement." The trial judge indicated it would deal with damages issues "post verdict" and the parties agreed.

The jury returned a verdict in favor of the plaintiff. It specifically found that:

> a. The defendant used a relationship of trust and confidence together with Plaintiff's weakness of mind, to control, persuade, or pressure Plaintiff into executing the subject Deed of Trust, Promissory Note and Quitclaim Deed;

2

b. Plaintiff would not have otherwise voluntarily executed the subject Deed of Trust, Promissory Note and Quitclaim Deed; and,

c. The subject Quitclaim Deed was not signed in the presence of two subscribing witnesses[.]

Based on these factual findings and evidence, the trial court decided the plaintiff was entitled to: (1) declaratory relief; (2) rescission of the quitclaim deed; and (3) quiet, confirm, and establish title. The final judgment did not mention the fraud in the inducement claim, nor did it reimburse the defendant for his payments on the plaintiff's mortgage and taxes.

The trial judge retired from the bench shortly after the trial. The defendant filed a Motion to Amend Judgment and for New Trial. The defendant then filed a Notice of Appeal. Several months later, a successor judge denied the defendant's motions. The defendant appeals from that order and the underlying judgment.

- ***The Analysis***

On appeal, the defendant argues the successor judge erred in failing to amend the judgment or to grant a new trial. For the reasons set forth below, we find no error in the denial of the defendant's motion for new trial, but we do find error in the denial of his motion to amend the judgment.[1]

The standard for analyzing a denial of a motion for a new trial is abuse of discretion. *Izquierdo v. Gyroscope, Inc.*, 946 So. 2d 115, 117–18 (Fla. 4th DCA 2007) (citing *Brown v. Est. of Stuckey*, 749 So. 2d 490, 497–98 (Fla. 1999)). When a successor judge rules on a motion for a new trial, less deference is afforded to his or her decision. *See, e.g., Winn-Dixie Stores, Inc. v. Winters*, 272 So. 3d 510, 512 (Fla. 3d DCA 2019). This is because the successor judge did not preside over the trial and bases his or her determination on the record. *Id.*

The defendant argues, among other things, that the successor judge should have amended the judgment to reflect the agreement in the pretrial

---

[1] One of the defendant's grounds for requesting a new trial concerns the admission of the plaintiff's mental health expert's video deposition in lieu of live testimony. We find no merit in this argument.

stipulation to reimburse the defendant should the trial court rule in favor of the plaintiff. The plaintiff responds the motion for new trial was untimely, and the successor judge did not have the authority to either grant a new trial or amend the judgment.

- *Timeliness of the Motion*

A motion for new trial or rehearing "must be served not later than 15 days after the return of the verdict in a jury action or the date of filing of the judgment in a non-jury action." Fla. R. Civ. P. 1.530(b).

In actions for declaratory relief, Florida law permits juries to make factual determinations. § 86.071, Fla. Stat. (2022). However, "[t]he court has power to give as full and complete equitable relief as it would have had if such proceeding had been instituted as an action in chancery." § 86.111, Fla. Stat. (2022).

While the jury makes factual determinations, the court must apply the law to those factual determinations. A jury can answer interrogatories, which the trial judge uses to rule on the pending issues. *See* § 86.071, Fla. Stat. (2022); *Lincoln Tower Corp. v. Dunhall's-Florida, Inc.,* 61 So. 2d 474, 476 (Fla. 1952). Because the court's decision is the final one, the time for moving for a new trial does not begin when the jury returns a verdict with its factual findings.

As the successor trial judge explained to the parties: "[the action is] not done when the verdict answers those interrogatory questions. It's only done when that's passed on to the judge and the judge applies it and then issues a declaratory judgment."

The original trial judge issued his final judgment on December 29, 2022, and the defendant filed his motion on January 13, 2023. Thus, the motion was filed within the time prescribed by Florida Rule of Civil Procedure 1.530(b). The motion was timely.

- *The Merits*

"[A] successor judge may not correct errors of law committed by his predecessor and hence he cannot review and reverse on the merits and on the same facts the final orders and decrees of his predecessor." *Drdek v. Drdek,* 79 So. 3d 216, 219 (Fla. 4th DCA 2012) (quoting *Groover v. Walker,* 88 So. 2d 312, 313 (Fla. 1956)). When a party wants to contest a final judgment, "the proper procedure is for the aggrieved party to seek review on appeal, not in front of a different trial court judge." *Balva v. Ont. Wealth*

4

*Mgmt. Corp.*, 241 So. 3d 869, 870 (Fla. 4th DCA 2018) (citing *Drdek*, 79 So. 3d at 219).

Next, the defendant argues the successor judge abused her discretion in denying the motion to amend the judgment. The defendant claims the trial judge erred in failing to include: (1) the jury verdict and dismissal on Count I; (2) wording that it had adopted an "advisory" jury's opinion; and (3) an award for defendant of the amount of the mortgage payoff and taxes. The plaintiff responds: (1) the court did not need to include the dismissal on Count I because the plaintiff was the prevailing party; (2) the jury was not advisory; and (3) the defendant was not entitled to any money because he unduly influenced the plaintiff.

We find no merit in the defendant's first and second arguments. But we do find merit in his third argument.

The function of a rule 1.530(g) motion to amend is to inform the court that an issue was not adjudicated in the judgment in the same way that it was decided. *Fire & Cas. Ins. Co. of Conn. v. Sealey*, 810 So. 2d 988, 992 (Fla. 1st DCA 2002). Rule 1.530(g) is "most often used to correct a substantive error in the judgment itself." *Id.*

Here, the court's final judgment did not conflict with the jury's verdict. The jury found for the defendant on the fraud in the inducement claim. Without mentioning that finding, the final judgment simply indicated the plaintiff prevailed on the remaining counts. In short, the judgment was consistent with the verdict.

Second, the judgment did not have to include the term "advisory jury." While the jury answered the specific factual interrogatory questions upon which the trial court made its legal conclusions, it was unnecessary to include this information in the judgment.

A successor judge usually cannot disturb a final judgment. *See Balva*, 241 So. 3d at 870. However, a "successor judge may complete acts left uncompleted by a predecessor . . . ." *Tompkins Land & Hous., Inc. v. White*, 431 So. 2d 259, 260 (Fla. 2d DCA 1983).

Here, the pretrial stipulation provided: "if the Promissory Note, Deed of Trust, and Quit-Claim deed are rescinded, the amount of money advanced by the defendants on plaintiff's behalf, to be returned to the defendant[.]" Generally, these stipulations should be strictly enforced. *See Cent. Square Tarragon LLC v. Great Divide Ins. Co.*, 82 So. 3d 911, 914 (Fla. 4th DCA 2011) (quoting *Broche v. Cohn*, 987 So. 2d 124, 127 (Fla. 4th DCA 2008)).

Unless there is evidence of fraud, misrepresentation, or mistake, the stipulation is binding. *LPI/Key W. Assocs., Ltd. v. Beachcomber Jewelers, Inc.*, 77 So. 3d 852, 854–55 (Fla. 3d DCA 2012).

The pretrial stipulation contained an agreement that the defendant would be reimbursed his expenditures (payment of the mortgage and taxes) if the court voided the promissory note and deed. The jury found the plaintiff was induced into signing the promissory note and deed by her trust in the defendant and her weakness of mind. The court therefore concluded the note and deed should be rescinded. Under the terms of the stipulation, the defendant was entitled to be reimbursed for his expenses in paying off the mortgage and taxes. The original trial judge erred in failing to account for these expenditures post-verdict.

And while the successor judge could not alter the jury's findings or the trial judge's conclusions, the stipulated agreement to reimburse the defendant should the outcome be in the plaintiff's favor did not infringe on either the jury or the trial judge. The reimbursement amount was limited by the pleadings to the remaining mortgage balance of $26,446.43 and taxes of $639.82.

The plaintiff suggests the defendant was not entitled to reimbursement because he unduly influenced the plaintiff, making reimbursement impossible. But the pretrial stipulation was clear. The trial judge assured the parties the issue would be addressed post-verdict, but it was not.

This case is akin to *Garcia v. Arraga*, 872 So. 2d 266, 271 (Fla. 4th DCA 2004), *abrogated on other grounds by Caruso v. Baumle*, 880 So. 2d 540 (Fla. 2004). There, we held a trial court erred in failing to handle collateral source payments post-verdict. *Id.*

Similarly, the parties here stipulated in writing if the note and deed were found void, then the defendant would be reimbursed for the monies expended on the plaintiff's mortgage and taxes. During trial, the plaintiff's counsel conceded that "if [the plaintiff] [. . .] prevail[s], [. . .] maybe the declaration or maybe the counts in equity, the [c]ourt could enter a final judgment for reimbursement." This ministerial adjustment was subject to the successor judge's authority.

We therefore reverse and remand the case to the successor judge to amend the judgment to reflect reimbursement of the defendant's expenditures pursuant to the pretrial stipulation.

*Reversed and remanded.*

FORST and ARTAU, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***