DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOEY DELUCA, LLC** and **JOEY DELUCA,**
Appellants,

v.

**DR. LINDA SCHICKER,**
Appellee.

No. 4D2023-2189

[March 12, 2025]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Carolyn Bell, Judge; L.T. Case No. 502019CA004210XXXMB.

Robert Flavell of Robert Flavell, P.A., Celebration, for appellants.

Michael Garcia of Michael Garcia, PA, Fort Lauderdale, for appellee.

PER CURIAM.

This case arises out of a dispute over the filing of a contractor's lien by Joey Deluca, LLC/Joey Deluca ("Deluca") against residential property once owned by Dr. Linda Schicker ("Schicker"). Deluca raises three issues on appeal, only one of which requires discussion and reversal. Deluca contends that the trial court committed reversible error by awarding Schicker prevailing party attorney's fees beyond the scope of the parties' joint stipulation authorizing the award. We agree and reverse.

**Background**

Schicker transferred the challenged contractor's lien in this case to a cash bond before filing her complaint in April 2019. She then sold the property four days after initiating the action. However, the litigation between the parties continued because Schicker's complaint sought more than simply discharge of the challenged lien. She also sought damages for slander of title.

Deluca voluntarily cancelled the challenged lien one day before Schicker sold the property, but three days after Schicker filed the complaint. Schicker later obtained a return of her cash bond.

In 2023, all claims in the litigation were finally resolved in Schicker's favor, including those asserted by Deluca in an unsuccessful counterclaim seeking damages for breach of an oral services contract and unjust enrichment. The parties agreed in a joint stipulation that the only issue remaining in the case was for the trial court to determine "the amount of taxable costs" and "a reasonable attorney's fee" to be awarded Schicker as the prevailing party "with respect to the discharge of the lien in this matter," pursuant to section 713.29, Florida Statutes (2019).

The trial court ultimately awarded Schicker over $30,000 in attorney's fees incurred in litigating to judgment all causes of action alleged in the case, including those asserted by Deluca in the unsuccessful counterclaim. Claiming error with respect to the scope of the attorney's fee award, Deluca appealed.

## Analysis

Section 713.29 provides:

> In any action brought to enforce a lien or to enforce a claim against a bond under this part, the prevailing party is entitled to recover a reasonable fee for the services of her or his attorney for trial and appeal or for arbitration, in an amount to be determined by the court, which fee must be taxed as part of the prevailing party's costs, as allowed in equitable actions.

§ 713.29, Fla. Stat. (2019).

"Attorney's fees under section 713.29 are strictly limited to the portion of the action in which the enforcement of [a] construction lien is litigated[.]" *Decks N Such Marine, Inc. v. Daake*, 297 So. 3d 653, 655 (Fla. 1st DCA 2020); *see also, e.g., Winnie v. Buckhalter*, 362 So. 2d 1014, 1015 (Fla. 1st DCA 1978) (noting that section 713.29 authorizes awards of attorney's fees only "for the services rendered incident to the mechanics' lien aspect of the case"); *Planas & Franye Eng'rs, Inc. v. Padilla*, 310 So. 2d 354, 355 (Fla. 3d DCA 1975) (holding that attorney's fees pursuant to section 713.29 "should be awarded only with respect to the lien foreclosure aspect[s] of [a] case"); *Jackson v. Hatch*, 288 So. 2d 564, 566 (Fla. 2d DCA 1974) (explaining that attorney's fees should be awarded pursuant to section 713.29 "only with respect to the lien foreclosure aspect[s] of the case" and

2

not with respect to the litigation of "separate claims sounding in contract or quantum meruit").

Moreover, the plain language of the parties' stipulation confined Schicker's entitlement to prevailing party attorney's fees only to those fees awardable pursuant to section 713.29. Contrary to the stipulation, the trial court expressly declined to confine the attorney's fees awarded to Schicker to only those attorney's fees related to the lien discharge aspects of the litigation. Instead, the trial court determined that "the entirety of the case that was [litigated], related and was intertwined with the issue of the enforcement of the lien, despite the fact that it had already been canceled," for purposes of Schicker's entitlement to an award of prevailing party attorney's fees pursuant to section 713.29.

Stipulations are "binding on the parties and the court." *Dania Beach Boat Club Condo. Ass'n, Inc. v. Forcier*, 290 So. 3d 99, 101 (Fla. 4th DCA 2020) (citing *Palm Beach Polo Holdings, Inc. v. Broward Marine, Inc.*, 174 So. 3d 1037, 1039 (Fla. 4th DCA 2015)). In fact, as we have explained:

> A stipulation that limits the issues to be tried amounts to a binding waiver and *elimination of all issues not included*. Pretrial stipulations prescribing the issues on which a case is to be tried are binding upon the parties and the court, and *should be strictly enforced*. Further, it is the policy of the law to encourage and uphold stipulations in order to minimize litigation and expedite the resolution of disputes.

*Cent. Square Tarragon LLC v. Great Divide Ins. Co.*, 82 So. 3d 911, 914 (Fla. 4th DCA 2011) (internal quotations and brackets omitted) (quoting *Broche v. Cohn*, 987 So. 2d 124, 127 (Fla. 4th DCA 2008)).

But the trial court failed to confine the attorney's fees award to only those fees awardable pursuant to the parties' stipulation and section 713.29.

We therefore reverse the award of attorney's fees to Schicker and remand for further proceedings on the amount of fees to be awarded pursuant to the parties' stipulation consistent with this opinion. We affirm the final judgment in all other respects.

*Affirmed in part, reversed in part, and remanded with instructions.*

DAMOORGIAN, LEVINE, and ARTAU, JJ., concur.

\*      \*      \*

*Not final until disposition of timely filed motion for rehearing.*