# Third District Court of Appeal

## State of Florida

Opinion filed October 8, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0963
Lower Tribunal No. 19-13322-CA-01
_____

**Helen Teran, et al.,**
Appellants,

vs.

**Alexander Piloto, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Antonio Arzola, Judge.

Morgan & Morgan, P.A., and R. Christopher Rodems (Orlando) and David L. Luck and Andres A. Hermida, for appellant.

Wicker Smith O'Hara McCoy & Ford, P.A., and Jessica L. Gross and Nina N. Batista, for appellee Alexander Piloto.

Before LOGUE, GORDO and LOBREE, JJ.

GORDO, J.

Helen Teran ("Teran") appeals from a final judgment entered in favor of Alexander Piloto ("Piloto") following an eight-day jury trial. We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). Finding no merit in Teran's arguments, we affirm.

Teran argues the trial court abused its discretion in denying the motion for new trial based on comments made by Piloto's counsel during closing arguments. Upon review of the record and the challenged closing arguments, we conclude the trial court did not abuse its discretion. See Murphy v. Int'l Robotic Sys., Inc., 766 So. 2d 1010, 1032 (Fla. 2000) ("After reviewing the closing argument being challenged, as well as the entire record in this case, we find that the trial judge did not abuse his discretion in denying the Plaintiffs' motion for new trial."); Olsen v. Philip Morris USA, Inc., 343 So. 3d 172, 173-74 (Fla. 3d DCA 2022) ("We have thoroughly reviewed the record . . . as well as the comments and arguments complained of by Olsen. In context, and considered with the entire record of the trial proceedings, we find no abuse of discretion in the trial court's actions . . . in denying Olsen's motions for . . . new trial. And as this Court has recognized, when analyzing whether a trial court abused its discretion in ruling on a motion for new trial, appellate courts traditionally defer to the superior vantage point enjoyed by the trial court."); Bowers v. Tillman, 323 So. 3d 322, 327 (Fla. 5th DCA 2021)

("[T]he trial judge is in the best position to determine the potential impact of improper conduct . . . . After thoroughly reviewing the record, we conclude that the trial court did not abuse its discretion in denying Bowers' motion for new trial.").

Teran further argues a new trial is warranted because the jury's verdict is against the manifest weight of the evidence. The record in this case clearly establishes that both parties presented conflicting evidence. We find the jury's verdict is supported by competent substantial evidence. See Bachman v. Oliveros, 293 So. 3d 555, 560 (Fla. 5th DCA 2020) ("A jury's verdict is generally not against the manifest weight of the evidence if the record shows conflicting testimony from two or more witnesses." (quoting Lindon v. Dalton Hotel Corp., 113 So. 3d 985, 987 (Fla. 5th DCA 2013))); Caulkins Indiantown Citrus Co. v. Nevins Fruit Co., Inc., 831 So. 2d 727, 733 (Fla. 4th DCA 2002) ("A jury verdict that is supported by substantial, competent evidence is not reversible on appeal. Where there is conflicting evidence, the jury's verdict should not be disturbed."); Cmty. Design Corp. v. Antonell, 459 So. 2d 343, 346 (Fla. 3d DCA 1984) ("We find substantial, competent evidence to support the jury's verdict."); Alvarez v. Acosta, 324 So. 3d 1033, 1034 (Fla. 3d DCA 2021) ("We cannot reweigh the evidence or determine that the verdict was against the manifest weight of the evidence. A trial court does not abuse its

3

discretion by denying a new trial motion if there was conflicting evidence presented at trial and the jury's verdict was the product of its weighing that evidence to resolve the conflicts."); Rosario-Paredes v. J.C. Wrecker Serv., 975 So. 2d 1205, 1207 (Fla. 5th DCA 2008) ("We conclude that the trial judge did not abuse his discretion in denying the motion for new trial. When the evidence is in conflict, as it was in this case, it is the function of the jury to weigh the evidence and resolve those conflicts. It is neither the trial judge's nor the appellate court's role to disturb that determination. Reversal of a jury verdict is appropriate only in the absence of conflicting evidence, when there is no rational basis in the evidence to support the verdict.").

Affirmed.